## UNITED STATES v. SMITH.

1. By reason of its improper suspension of the work of a contractor, who had agreed to supply the skilled labor and the materials necessary for the erection of certain buildings for its use, the United States is liable in the Court of Claims for such damages as he has actually sustained.

2. The finding of facts by the Court of Claims, in the nature of a special verdict, is conclusive here, unless impeached for some error in law appearing in the record.

3. That court, in estimating damages, must be governed by the proofs submitted; but it is not required to set forth the elements of the calculation by which it arrives at its final result.

4. That court may, however, be asked by either party to state whether a particular item of charge or of damage is included in its finding, and, if so, to what amount.

APPEAL from the Court of Claims.

This was a suit by the appellee to recover damages for the suspension of his contract with the United States. By the contract the parties agreed: —

*First,* The said Joseph Smith, his heirs, executors, and administrators, agrees to superintend or cause to be superintended, and assist the soldiers in the erection of buildings at post of Beaver, Utah, according to plans and specifications; and agrees,

also, to supply or cause to be supplied all the skilled labor and material necessary for the erection of the buildings, in conformity with said plans and specifications.

*Second,* It is agreed that, for and in consideration of the faithful fulfilment of the above stipulations in all their parts, the party of the second part shall be paid by the United States, at the office of the A. A. Q. M., at post of Beaver, Utah, as follows, viz : —

Sixty-nine thousand one hundred and seventy-seven dollars ($69,177), provided that the United States is not liable for any amount beyond the sums appropriated for such purpose during the fiscal years in which the services are rendered. Payment to be made in instalments at completion of each separate building, or as soon thereafter as funds may be received for that purpose. The buildings to be inspected and accepted by the United States.

The Court of Claims found the following facts : —

I. On the 1st December, 1873, while the buildings were in progress of construction, the contractor was stopped by order of the post-commander, with the approval of the commander of the department, and all work under the contract was ordered to be suspended. The contractor objected to the work being stopped, and requested that he be released from his agreement, unless the work could go on. The matter was referred to the Quartermaster-General, and by him submitted to the Secretary of War. Pursuant to orders of the latter, the contractor was allowed to resume work. The period of suspension was from the 1st December, 1873, to the 3d February, 1874. The defendants have paid for the work done under the contract, but have not paid the damages occasioned by the suspension of the work.

II. On the 30th October, 1874, General Ord, commanding the Department of the Platte, referred the contractor's claim for damages caused by the suspension to the quartermaster of the post of Beaver, who had had entire charge of the work from the beginning to the completion thereof, with instructions to report as to the damages caused by " the unexpected stoppages and delays inflicted on the contractor, Smith, by the orders from Washington and department head-quarters ; the exposed

and unfinished condition in which he was compelled to leave the buildings during winter storms; the remoteness of the place of building, where all skilled labor had to be provided from a great distance, and which was left sometimes unoccupied and unpaid for on the contractor's hands; the deterioration in value of material left exposed while waiting for orders to continue the work." The post quartermaster, under these instructions, reported the contractor's losses at $8,000, and the department commander approved the recommendation. The court finds the claimant's damages for the same to be $5,000.

III. During the progress of the work the contractor furnished and performed certain additional or extra work not required by his contract. But, on the inspection of the buildings before the final payment, it was found by the inspecting officer that the contractor had omitted to furnish and perform certain work required by the contract. It was subsequently agreed between the contractor and the defendant's officers that the extra work furnished should be received and stand in the place of that omitted by the contractor, and under and in pursuance of such agreement or compromise the contractor was paid the balance remaining due of the contract price.

Upon the foregoing findings the court decided as conclusions of law,—

1. The officers of the government charged with the care and supervision of the building to be erected by the claimant had no right to hinder or delay him in the proper performance of his work: and for the suspension thereof, ordered by such officers in the supposed interest of the government, the claimant should recover such damages as were the necessary consequence of the suspension; that is to say, such damages as would place him as nearly as possible in the same condition as he would have been in if he had been allowed to proceed without such interference, excluding therefrom, nevertheless, any loss or injury to his materials, which might have been prevented by the exercise of reasonable care and prudence on his part, in the storing, custody, and preservation thereof.

2. The estimate or allowance of damages for the suspension of the work made by the post quartermaster, under the instructions of the commanding officer of the department, does not

determine the amount thereof, and should be excluded by the court in making a computation of damages.

3. The extra work on the buildings done by the claimant in addition to that required by the terms of his contract, and the deficiencies under the contract, as determined by the inspecting officer who inspected the work before acceptance by the government, as provided by the contract, were proper subjects of compromise and set-off, and, having been so compromised and set off against each other before final payment, the claimant is concluded from seeking a recovery for the former.

Judgment was rendered for the claimant for $5,000, where upon the United States appealed here.

*Mr. Assistant Attorney-General Smith* for the appellant.

*Mr. James Lowndes, contra.* ·

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The only questions presented in this case relate to the liability of the United States for damages growing out of the suspension of the work under the contract sued upon. In effect, the contract bound Smith to furnish the materials and erect the buildings, the labor being performed by the soldiers at the fort, except to the extent that skilled workmen were necessary. There was no time specified within which the work must be done, neither was there any power reserved by the United States to direct its suspension. Under such circumstances, the law implies that the work should be done within a reasonable time, and that the United States would not unnecessarily interfere to prevent this.

In *Clark's Case,* 6 Wall. 546, it was decided that the United States were liable for damages resulting from an improper interference with the work of a contractor; and in *Smoot's Case,* 15 id. 47, that the principles which govern inquiries as to the conduct of individuals, in respect to their contracts, are equally applicable where the United States are a party. The same rules were applied in the case of the *Amoskeag Company,* 17 id. 592. Here the work was stopped by order of the United States. Smith asked to be released from his contract, unless he could go on. This was refused until the expiration of sixty

days, when he was allowed to resume. As between individuals, certainly, this would be considered an improper interference, and damages would be awarded to the extent of the loss which was the necessary consequence of the suspension. The United States must answer according to the same rule. In this respect, we cannot consider this case different in principle from that of Clark, *supra*.

The Court of Claims has found the amount of the damages to have been $5,000 ; that is to say, that sum, in its opinion, from the evidence before it, was necessary to place Smith in the same condition he would have been in if he had been allowed to proceed without interference, and not allowing any thing for loss or injury to his materials, which he might have prevented by the exercise of reasonable care and prudence.

This rule of damages, as an abstract proposition, is clearly right. Unless, therefore, there appears in the record some error growing out of the estimation of the amount, the judgment below should be affirmed.

By our rules in reference to appeals from the Court of Claims, rule 1, sect. 2, that court sends here its finding of facts as " established by the evidence, in the nature of a special verdict." The evidence is not sent up. This finding is conclusive, unless impeached for some error in law appearing in the record. Here, in effect, the error complained of is, that the court refused to state the items of its account of damages. This we have not required; and while, under the practice we have established, liberal provision should be made for the review of questions of law, it seems to us that in this case the claim of the United States goes beyond any thing we ought to grant. The court might with propriety have been asked to state in a finding whether a particular item of claim or of damage was included in its estimate, and, if so, what amount. To such a finding exception might in proper form be taken, and then we could be called upon to decide whether such an item was legally the subject of compensation in an action for damages. The United States can be required to make compensation to a contractor for damages which he has actually sustained by their default in the performance of their undertakings to him; but this is the extent of their liability in the Court of Claims. More than

compensation for damages actually sustained can never be awarded against the United States.

In this case the United States asked the court to find (1) the amount of damage done to the building on account of exposure to the winter storms in its unfinished condition; (2) the amount resulting from the retention of the skilled labor, &c.; and (3) the deterioration in the value of materials. All these were legitimate subjects of inquiry by the court in making up its final estimate; but we know of no rule of law or practice which requires a court or jury to specify the elements of the calculation by which it arrives at its final result. In this case the court was not asked to say whether it included this or that supposed element of compensation in its judgment; but the only effort seems to have been to ascertain the items of calculation so as to determine whether the proof supported them. The whole contest evidently was as to the sufficiency of the evidence, not as to the liability of the United States if the facts as claimed were established by the proof.

In the estimation of damages the Court of Claims occupies the position of a jury under like circumstances. Damages must be proved. The court is not permitted to guess any more than a jury, but, like a jury, it must make its estimates from the proofs submitted. The result of the best judgment of the triers is all that the parties have any right to expect.

As the record presents the case, we see no error in the court below.    *Judgment affirmed.*