Richardson, Ob. J.,
filed for tbe court tbe following explanation:
Tbe court makes this addition to tbe eighth of its previous findings, in compliance witb tbe following mandate of tbe Supreme Court:
“Supreme Court of the United States. — October Term, 1890.
“ The United States, appellant, vs.
The Central Pacific Eailroad Company.
“ Ordered by tbe court that tbe record in this cause be remanded to tbe Court of Claims, and that said court be instructed to find and certify to this court as matters of fact in addition to tbe facts found and certified in said record tbe specific items of expenditure for “ new construction and. new equipment” referred to in tbe present eigbtb finding and that tbe record with said additional finding of fact be returned to this court as speedily as practicable.
“ December 8, 1890.”
It is proper to explain why the court did not include tbe same in its original findings since it has become in the Supreme Court so material to tbe point of law there first raised and argued in this case by tbe defendants, and to point out our practice in drawing findings of fact.
Witb painstaking exactness we follow tbe regulations prescribed by tbe Supreme Court in relation to cases which may be appealed, as expounded in its decisions. (Driscoll's Case, 131 U S. R., Appendix clix, and 13 C. Cls. R., 569; Smith’s Case, 94 U. S. R., 214, and 13 C. Cls. R., 569, and cases there cited.)
Those rules are as follows:
“Rule 4. — In all cases in which either party is entitled to appeal to tbe Supreme Court, the Court of Claims shall make and file their findings of fact and their conclusions of law therein, in open court, before or at tbe time they enter judgment in tbe case.
*118 “ Eule 5. — In every such case, each party, at such time before trial, and in such form as the court may prescribe, shall submit to it a request to find all the facts which the party considers proven and deems material to the due presentation of the case in the findings of fact.”
To carry into effect these regulations of the Supreme Court the Court of Claims has promulgated the following rules:
“ 52. The clerk shall not place a case on the trial list until the claimant files in the clerk’s office twenty-five printed copies of a brief stating the points of law on which he relies, wTith reference to authorities, and twenty-five printed copies of the request for facts required by Eule Y of the “ Eegulations prescribed by the Supreme Court of the Unitea States under which appeals may be taken from the Court of Claims.”
“ 53. Such request mustbeinthefollowingterms : ‘ The claimant, considering the facts hereinafter set forth to he proven, and, deeming them material to the due presentation of this case in the findings of fact, requests the court to find the same as follows : ’
“ Following this request must be a statement, in the form of distinct numbered propositions, of the facts which the party desires to have found; and each proposition must be so prepared, with respect to its length, subject, and phraseology, that the court may conveniently pass upon it; and they must be so arranged as to present a concise statement in orderly and logical sequence of the whole case, as the. party desires it to appear in the findings of fact.”
“ Subjoined to each proposition must be references to the pages of the record or to the unpriuted evidence relied on in its support', but no evidence must be set out. Documents which may enter into the findings of fact need not be presented in the statement, but may be referred to therein by the pages of the record.
“ 54. The Attorney-General, within one month after the filing of the claimant’s brief and request, must file his brief and request for findings of fact, and should indicate the requests on the claimant’s part to which no objectionis made. Such request must be in form and substance like that required of the claimant by the next preceding section.”
In order to avoid a voluminous record and to present a concise statement of facts the court excludes all details except such as either party or the court itself deems material on the question of law raised, argued, or presented on either side at the trial.
The present additional finding which contains a larger number of items, and presents many more pages of printed matter than all the original findings combined, was not requested by *119 either party at the trial, and. was in no way material to the question of law then raised and argued.
The original eighth finding is one of those requested by the claimant, was duly filed and presented to the court according to the rules and was not objected to by the defendants. The court had every reason to suppose that it was satisfactory to the defendants and that they did not desire to argue the question of law which has been raised in the Supreme Court on the numerous items now included in this additional finding, because they filed no other requests of their own as required by the rules and because the same question involved in these items was raised, elaborately argued, and decided in the Union Pacific Balroad Case (20 C. Cls. R., 70), from which the defendants took no appeal.
Had the court any intimation .that the defendants would raise in the Supreme Court on appeal a question of law not raised in this court upon facts not requested by either party, we should have made the findings more full.
The only question presented by the defendants on the trial in this court was the effect of the statute of limitation, as appears in the statement by the reporters in 24 O. Cls. R., 148.