ANNA C. ROHWER, RESPONDENT, v. ABRAM CHAD-
WICK, AND OTHERS, APPELLANTS.

PLEADING.—DAMAGES.—EVIDENCE OF GENERAL DAMAGES.—Under
an allegation of general damages in an action upon an injunc-
tion bond in a suit regarding water rights, evidence that the
water was needed for plaintiff's meadow, that her stock were
compelled to roam for water, that she had to haul water for
her own uses, that she had chickens and cows and horses that
were accustomed to get water from the stream, is admissible
as proof of general damages.

DAMAGES.—EVIDENCE.—UNCERTAINTY.—Where no estimate of dam-
ages can be made from the evidence and no evidence given
from which the jury could have arrived at an estimate of
damages, only nominal damages can be given.

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial.
The opinion states the facts.

*Messrs. Kimball and Allison,* for the appellant.

*Messrs. Smith and Smith,* for the respondent.

BLACKBURN, J.:

This suit is brought on an injunction bond. The
injunction was issued and served 23d of October, 1889,
and dissolved April 6, 1890. Trial before a jury and
verdict and judgment for plaintiff for $208. Defendants
moved for a new trial, which was overruled, and they
excepted, and appealed both from the judgment and the
overruling the motion for a new trial, and assigned many
errors, but they may all be condensed into two,—that

25

plaintiff was allowed tó give evidence of and recover for special damages, when the complaint only alleged general damages; and that the evidence does not support the verdict. The evidence tended to prove that plaintiff lived on Fisher creek; had a farm there; used the water of the same for irrigating purposes on her farm, to irrigate her meadow land and her crops and garden and orchard and shade-trees, also for domestic purposes, and to water her stock; that the water was needed on the meadow during the winter season; that she had no other supply of water for her domestic use; that she had to carry water for her home use a half a mile, from October 23, 1889, to April 6, 1890, and to go to her neighbors to wash her clothes, because of said injunction; that her trees had to do without water, and her stock to roam for water; that she had chickens and cows and horses and young cattle that had been accustomed to get water from Fisher creek during the winter season, and she had also to haul water on account of the prohibition of said injunction,—to all of which testimony the defendants objected, because it only tended to prove special damages. The objection was overruled, and exception taken.

No estimate of the amount of damages was made by the testimony in the case. This testimony was given substantially by several witnesses, and all objected to. The contention of the defendants is: (1) This testimony only tends to show special damages; and, (2) as no estimate of the damages was given by any of the witnesses, the judgment should have been for nominal damages only. The court instructed the jury that they could only render a verdict for general damages, and that general damages were those that naturally resulted from the injury. The first inquiry therefore is, is this evidence admissible?

Sutherland on Damages (volume 2, p. 69) says (on injunction bonds) these damages are ascertained and measured· on the principle of giving just and adequate compensation for actual loss which is the natural and proximate result of the injunction. The rule is that, "under a general allegation of damages, the plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of." 1 Suth. Dam. p. 763.' This rule seems to be the general rule, and in reference to it there is no conflict of authority. Applying this rule, this testimony was proper, for it tended to show that the trouble and labor of getting water by the plaintiff was the natural and necessary consequence of being deprived by the injunction of using the waters of Fisher creek for the purpose of irrigation and domestic use.

We think the court committed no error in allowing this evidence to go to the jury; but the second contention of the appellants is that on this evidence the plaintiff was entitled to recover only nominal damages, because the compensation for the injury done was not estimated, and no basis in the evidence was given upon which the jury could estimate such compensation, but it was left entirely to guess at such damages as would compensate the plaintiff. The evidence shows the meadow needed irrigating, but that it was injured without it does not appear. The cattle were deprived of water at home, and had to hunt it; that they were damaged for want of it there is no proof. The trees were without water; that they were injured, or how much, the jury were left wholly in the dark. The proof shows the plaintiff and her family were put to great inconvenience and extra labor to procure water for domestic uses; what would compensate for that inconvenience and extra labor, no

basis is furnished the jury by which they could form an estimate. On these questions the evidence is wholly silent, and without such evidence the verdict of the jury should have been for only nominal damages. This suit is not in tort. It is for breach of covenant, and, in such case, the money value of the injury must be proven in order to justify the jury in finding more than nominal damages. They are not left to guess at the damages. We think these views are fully sustained by the authorities.

Sutherland on Damages (volume 1, p. 17) says: "The universal and cardinal principle is that the person injured shall receive a compensation commensurate with his loss or injury, and no more." From the evidence in this case it is impossible to tell whether the plaintiff received a verdict for more or less than will compensate her for her loss and injury. The amount of compensation due her should have been shown by the evidence. That was not done. The pecuniary injury, if any, was capable of estimation. The same author says on page 111, same volume, "The cardinal rule in relation to the damages to be compensated, on the breach of a contract, that the plaintiff must establish the quantum of his loss by evidence by which the jury will be able to estimate the extent of his injury, will exclude all such elements of injury as are incapable of being ascertained by the usual rules of evidence to a reasonable degree of certainty." We find no authority for the assumption that the jury may estimate damages not proven, and this is true of the amount of damages. We cite, in support of these views, 1 Suth. Dam. p. 125; *Griffin* v. *Colver*, 16 N. Y. 494; *U. S.* v. *Smith*, 94 U. S. 214. We think that the damages in this case were a mere guess, and have no basis of proof; and the court ought to have instructed the jury

that the evidence justified nominal damages only. The judgment is reversed, and the case remanded for a new trial.

ZANE, C. J., and ANDERSON, J., concurred.