## MOSES v. UNITED STATES.

### (District Court, D. Washington, N. D.	June 18, 1902.)

### No. 2,246.

1. UNITED STATES—EIGHT-HOUR LAW—CONTRACTS FOR WORK IN ALASKA.

The eight-hour labor law of August 1, 1892, is not applicable to work contracted for by the United States to be performed in Alaska.

2. ARMY—FORCE AND SCOPE OF REGULATIONS.

The army regulations are mandatory, and are intended to govern the conduct of the army, and all work done under the superintendence of its officers, wherever assigned to duty.

3. SAME—CIVILIAN EMPLOYES—EIGHT-HOUR DAYS.

Article 62, par. 812, of the army regulations, providing that "eight hours constitute a day's work for all mechanics and laborers employed by or on behalf of the United States, except in cases of emergency," is an implied condition of every contract for labor made by an army officer on behalf of the government, wherever such labor is to be performed; and where the employé is required by the officer in charge, and who represents the government, to work more than eight hours in a day, when there is no emergency, the United States is legally bound, the same as an individual employer would be, to pay for the extra work upon a quantum meruit.

4. SAME—CONSTRUCTION OF CONTRACT.

Plaintiff was employed as a carpenter by a quartermaster officer of the army to work on army buildings to be constructed at Nome, Alaska, until their completion. By the contract he was to be furnished transportation to Nome, and, if he completed the term, was to be given trans-

portation back to Seattle. He fulfilled his contract, and on completion of the buildings was discharged, and after a short delay for a vessel was furnished return transportation. *Held*, that he was not entitled to wages from the time of discharge to the time of his return, his con-tract having terminated, by its terms, on completion of the buildings.

Action at law to recover from the government of the United States compensation for work as a carpenter in the construction of buildings at Nome, Alaska, under a contract of hiring made in behalf of the gov-erment by an officer of the quartermaster's department of the United States army. Motion for nonsuit denied.

Herbert E. Snook, for plaintiff.

E. E. Cushman, Asst. U. S. Atty.

HANFORD, District Judge. The plaintiff was hired at Seattle to work for such time as should be required to complete the construction of certain buildings at Nome, Alaska, for use of the United States army. A written contract was entered into between Maj. Bingham, of the quartermaster's department, and the plaintiff, in which, among other things, it was agreed that the plaintiff should be paid at the rate of $5 for each working day, and that he should have free transportation to Nome from Seattle, and, if he performed his contract faithfully, he should also have free transportation back to Seattle. It is shown by uncontradicted evidence that the plaintiff worked as long as his serv-ices were required, and that he was paid at the rate of $5 per day for every working day from the time of his departure from Seattle until he was discharged. Then, after waiting a short interval for a vessel, he was given free transportation back to Seattle. It is also shown by uncontradicted evidence that the plaintiff was required to work during the summer season 10 hours per day, and after the days grew shorter the hours of work were reduced to 8½, and then to 8, hours, and that no extra allowance was made to him for work performed in excess of 8 hours per day. The case is grounded upon the eight-hour labor law of August 1, 1892 (27 Stat. 340; 2 Supp. Rev. St. p. 62), and article 62, par. 812, of the United States army regulations, providing that "eight hours constitute a day's work for all mechanics and laborers em-ployed by or on behalf of the United States, except in cases of emergency." Congress has not, by any express declaration, extended the entire body of the national laws to Alaska, but by special acts has made certain specified laws of congress effective there, and has enacted a complete code of civil and criminal laws especially for Alaska, and it is my opinion that its treatment of Alaska evinces a purpose to govern that district by special local laws, and for that reason I hold that the eight-hour labor law of 1892 is not applicable to work contracted for by the government to be performed in Alaska. The regulations pre-scribed by the war department, however, were intended to be compre-hensive, and to govern the conduct of the army, and all work under the superintendence of its officers, wherever assigned to duty. The para-graph referred to defines what constitutes a day's work by laborers on works of the United States controlled by the war department, and ac-cording to the regulations the contract must be construed as an agree-ment on the part of Maj. Bingham to pay the plaintiff at the rate of $5

per working day of eight hours.    In the argument for the United States
the district attorney cited as an authority the case of U. S. v. Martin,
94 U. S. 400, 401, 24 L. Ed. 128, in which the eight-hour labor law of
1868 (Rev. St. § 3738) was construed as being merely a directory
statute, which did not invalidate a specific contract on the part of a
laborer to work twelve hours per day at a specified rate of wages.    I
do not consider that case as being an authority in point in this case,
for the reason that the army regulations are mandatory, and officers of
the army are required to obey them.    The court is bound to consider
that in making the contract with the plaintiff it was contemplated that
a working day should be a lawful working day of eight hours, and
more could not be exacted, except in case of an emergency.    There-
fore all additional hours of labor, when there was no special emer-
gency, were outside of the contract, and the plaintiff is entitled to be
compensated therefor, upon the well-recognized principle that when
an employer makes a definite promise to pay for specified work at a
specified rate, and afterwards changes the specifications so as to re-
quire more work, he becomes legally bound to pay extra for the addi-
tional work upon a quantum meruit basis.    In all matters in which the
government occupies the position of a contractor or employer of labor
it is bound by the same rules which are binding upon individuals, so
that when the government contracted to pay $5 for a working day,
and its representative exacted ten hours' work, there arose an implied
obligation to pay extra for the additional two hours of labor.    The
auditing department of the government has made a decision in a simi-
lar case to the effect that the eight-hour labor law of 1892 should be
read into the contract, and that the quartermaster could not legally
exact or permit more than eight hours work in a calendar day, and
therefore laborers who worked ten hours per day in obedience to the
requirements of the officers in charge of the work are to be considered
as having voluntarily given the extra hours of work to the govern-
ment, and, being mere volunteers, such laborers cannot recover com-
pensation for the additional hours; and in support of this contention
the case of Hawkins v. U. S., 96 U. S. 689, 24 L. Ed. 607, is relied
upon.    But when the facts of that case are considered it does not
establish any rule which can be fairly applied to the case in hand.    In
the Hawkins Case there was a contract for furnishing stone for a gov-
ernment building, in which it was specified that no alteration of the
contract should be made without the approval of the secretary of
the treasury, and without any change in or modification of the contract
the agents of the government in charge of the building required the
contractor to furnish stone of a different quality, and more expensive,
than the specifications called for; and the decision of the supreme
court was to the effect that the contract fixed the price which the gov-
ernment promised to pay, and the kind of material which the con-
tractor was obligated to furnish, and, as the contract was not changed
by competent authority, he might have stood upon his right to deliver
or tender material according to the specifications, and recover the
contract price therefor, but he could not hold the government obli-
gated to pay a higher rate than the contract price for material de-
manded by unauthorized agents.    The peculiar circumstances which

distinguish this case from the Hawkins Case are that the officers in charge of the work upon which the plaintiff was employed represented the government of the United States, and constituted the highest authority to which the plaintiff could appeal while the contract was in force. They had power to discharge him for disobedience, and, by the terms of the contract, if he was discharged all wages previously earned by him were forfeited. He was in a situation where he had to obey his superiors or suffer consequences which would have been severe, and any assumption that he voluntarily donated labor in excess of what his contract obligated him to perform is necessarily false. There are other decisions of the supreme court of the United States which apply the more reasonable rule that the government in its business transactions is bound to deal fairly, and that, where the facts of a transaction to which the government is a party would raise an implied obligation in a similar transaction between private individuals, the government becomes obligated the same as an individual. Clark v. U. S., 6 Wall. 543, 547, 18 L. Ed. 916; U. S. v. Smith, 94 U. S. 214–219, 24 L. Ed. 115; U. S. v. Mueller, 113 U. S. 153–157, 5 Sup. Ct. 380, 28 L. Ed. 946. And upon these authorities I hold that the plaintiff is entitled to extra compensation, to be computed at the rate of $5 for eight hours of labor for the aggregate number of additional hours in excess of eight hours per day which he was required to work when there was no special emergency.

In his petition the plaintiff alleges that by virtue of a custom having the force of law the rate of compensation for labor in excess of eight hours per day should be one and one-half times the contract rate, and double the contract rate for work done on Sundays and holidays, but there is an entire failure of proof as to the existence of any such custom.

The plaintiff is not entitled to wages for the time intervening between the completion of the buildings upon which he was employed and his return to Seattle. The contract does not specify that he should continue to receive wages during the time required for his return to Seattle after completing his work, and there is no implied contract to pay him for such time, because he was not then in the service of the government, nor under orders, but was entirely free to engage in other employment at Nome or elsewhere, and could have postponed his return to Seattle indefinitely.

For the reasons stated, the motion of the district attorney for a judgment of nonsuit is denied.