Campbeel, Chief Justice,
delivered the opinion of the court:
The contract, a copy of which is attached to the petition, provided for liquidated damages and that “ in making final settlement based upon the completion of the delivery the party of the first part [claimant] shall receive credit for *407 such delays occurring during the performance of the contract as the said Chief of Ordnance may determine to have been due to unavoidable causes, such as * * * action of the United States,” etc. The defendants demur to the petition.
The Chief of Ordnance determined that 99 days of the delay were chargeable to the defendants. The difficulties under which claimant labored to make the armor plate meet the requirements of its contract were not due to “ unavoidable causes ” within the meaning of those terms in the contract and, though unforeseen, did not render the performance impossible. The court can not make a different contract from that which the parties made for themselves. The Harriman, 9 Wall., 161, 172; Sun Printing & Publishing Assn., v. Moore, 183 U. S., 642; Satterlee’s Case, 30 C. Cls., 31; Pacific Hardware Co. v. United States, 49 C. Cls., 327.
2. But in ascertaining the amount of the liquidated damages they were made to run from September 7 as to one installment and from November 7 as to the other installment, those dates being the times when the deliveries of the several installments were to have been made, and, accordingly, there was charged against claimant one-thirtieth of 1 per cent of the contract price of the 18-inch front plates, etc., deliverable on September 7, and the same percentage of the contract price of the barbette plates, etc., deliverable on November 7, in either case giving credit to claimant for the said 99 days’ delay occasioned by the Government. We think this was error. It is true, as stated, that the delivery of part of the work contracted for was to be made on September 7 and the remainder on November 7, but the contract, in articles 4 and 8, provided for liquidated damages and the method of computing the same. These articles clearly fix the time at which such damages began to accrue. The provision is that liquidated damages shall be computed from the date determined for the final delivery of all the armor, and “ the date of completion shall be considered for the purposes of final settlement as the date of the actual completion of the delivery, less the delays due to said unavoidable causes.” The parties could have stipulated for liquidated damages based upon the contract prices for the separate installments and to run from the respective dates fixed for the delivery *408 of the separate installments; but they stipulated otherwise when they provided that the damages should be computed from the date fixed for final delivery of all the armor. Without interpolating a clause which the parties did not use we can not construe these provisions of the contract as being affected by the dates for delivery of separate installments of the work. It is our duty to give it effect according to its terms. Sun Printing & Publishing Assn., supra. It follows that the claimant should have been charged with liquidated damages from November 7 and given credit for 99 days for the Government’s delay, and that there should have been deducted $1,031.08 less than was deducted.
The demurrer will therefore be sustained.in part and overruled in part, and it is so ordered.