Hat, Judge,
delivered the opinion of the court:
The facts are fully set forth in the findings. It is not denied that the United States caused the delay whereby the plaintiff incurred the losses, which it has fully proved. The defendant does not question the amount of these losses. The law governing such cases is well established.
The work was to be completed within a specified number of days. The plaintiff did not need an extension of time, but was ready to perform within the period of time stipulated in the contract. It could not perform by reason of the delay caused by the United States. And in construing the contract the same principles of right and justice which prevail between individuals must be applied to contracts between the United States and its citizens. To hold that the granting of additional- time, made necessary by the default of the Government, precludes the plaintiff from the recovery of damages if otherwise entitled thereto would be reading into the contract a provision not in the minds of the parties when the contract was entered into.
The Government can not excuse itself upon the theory that the foundations were not ready, because the delay was caused by the contractors with whom the Government had contracted to have them ready. It took upon itself the obligation to have the foundations in place for the performance of the work by the plaintiff; the plaintiff can not be punished because of the failure of a third party to perform a contract with which the plaintiff had nothing to do.
A judgment will be entered for the plaintiff in the sum of $9,165.24.
It is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.