Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $4,272.20 for certain excess labor and superintendent charges, which it claims it was obliged to expend by reason of delays caused by the United States in the performance of its contract, and also for the sum of $85.44, which the United States arbitrarily deducted from the agreed contract price.
The contract was that the plaintiff should furnish and install a heating system in the structural shop at the navy yard, Norfolk, Virginia, for the sum of $40,560. It was agreed that the work to be done under the contract should be completed within one hundred and eighty days from the date of delivering a copy of the contract to the plaintiff. *170 A copy was delivered to the plaintiff so as to set the date for the completion of the work as of September 3, 1917.
In the contract the United States reserved the right to make changes and thereby to interrupt the continuity of the work. The contract showed that the building in which the heating system was to be installed was in process of construction, and that the contractor for the heating system should work in conjunction with the contractor who was constructing the building in which it was to be installed. The plaintiff was thus given notice that the building in process of construction might not be completed in time to allow the plaintiff to complete its contract within the time fixed in the contract. As a matter of fact, the building was not completed in time, and the plaintiff was delayed seven months. Nowhere in the contract is there any provision in which the Government binds itself to a fixed time for the completion of the work. The Government granted to the plaintiff extension of time for the completion of the work, and exacted no penalties from the plaintiff for its failure to perform within the time fixed in the contract.
The delays complained of were beyond the control of the Government, and it can not be implied from the provisions of the contract that the Government is bound for any excess wages and superintendent charges which the plaintiff had to pay by reason of delays which the Government could not control and which the plaintiff must have contemplated as being possible when it executed the contract, since the contract provided that bidders should examine the site of the proposed work and inform themselves thoroughly of actual conditions. We think that the petition of the plaintiff must be dismissed as to the item of $4,272.20.
The item of $85.44 which was arbitrarily deducted from the contract price is a valid claim, and we have directed that judgment for that amount be entered against the United States. It is so ordered.
Moss, Judge; Gkaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.