Whaley, Judge,
delivered the opinion of the court:
The plaintiff on September 12, 1931, entered into a contract with the defendant by which the plaintiff agreed to furnish all labor and materials and to perform all work required for the construction of the United States Post Office Building and Court House at Trenton, New Jersey, except elevators and foundations, for the sum of $749,500 according to specifications, schedules, and drawings which were made a part of the contract. The building was to be completed within 480 calendar days after the date of receipt of the notice to proceed. On September 24,1931, the plaintiff was notified to proceed, which fixed the date of final completion as January 16, 1933. The defendant furnished the site and also the concrete foundations for the building, which was to be a five-story structure, with the exterior front and two sides of oolitic limestone and ornamental terra cotta, and the back principally of limestone and brick. The interior of the building was to be constructed principally of structural steel and reinforced concrete floors.
Shortly prior to the commencing of the work, the plaintiff prepared a schedule of its contemplated progress of each class of work and furnished a copy of it to the defendant. Each of plaintiff’s subcontractors was also furnished a copy and was required by the plaintiff to adhere to the schedule of his own particular work. This schedule of progress plaintiff planned to adhere to and it was an essential part of the contract arrangements, expected cost, and the amount of its bid. Under this progress schedule the steel work was to begin on September 25, 1931, and be completed in three months; the limestone and brick work were to begin about January 4, 1932; the terra cotta work a day or two after-wards; and the limestone, brick, and terra cotta work were *121 to be finished the end of March 1932. The schedule showed that all of the contract work was to be finished by the end of September 1932. The facts show that the plaintiff would and could have substantially adhered to this schedule had it not been for the delays caused by the defendant. The building was completed and accepted by the defendant in the early part of February 1933, and the plaintiff has been paid the contract price together with certain extras which are not in dispute, but the plaintiff reserved its rights in reference to the items herein enumerated for which it claims remuneration.
The plaintiff’s claims fall into two classes. The first is for damages caused the plaintiff due to the fact that the defendant delayed the plaintiff in the completion of the work. The second class consists of items for extra work performed under the terms of the contract for which the plaintiff claims additional compensation.
The Government agreed to furnish the foundations but when the plaintiff entered upon the work it was found that the foundations were out of place from three inches to two feet. The Government employed; the plaintiff to correct these errors and defects and paid the plaintiff for this work and allowed an extension of time of 13 days for the completion of the contract. During these 13 days, while the foundations were being put in proper alignment, the plaintiff was prevented from proceeding with its work and the orderly progress of its work was thrown out of schedule; the superintendent, the plant, and the workmen were idle; and an additional expense was placed upon the plaintiff in the sum of $1,635.01. It is too well established to require citation of authority that the Government can be required to make compensation to a contractor for damages which he has actually sustained by defendant’s default in its performance of its undertaking to him. United States v. Smith, 94 U. S. 214. The defendant does not deny this proposition but contends as a defense that the plaintiff in March 1933, wrote a letter to the defendant in which it stated that no claim for loss would be made on this item. At that time the contract had been completed and the plaintiff was en *122 deavoring to obtain a settlement of its outstanding claims against the Government. None of its claims was allowed. It is sufficient to say that there was no consideration for this surrender and it was made solely in an attempt to arrive at a settlement. The mere fact that the Government had granted an extension of time for the completion of the contract, due to the fact that it had delayed the plaintiff, does not relieve it of the responsibility for the damages incurred by the plaintiff due to these delays. Edge Moor Iron Company v. United States, 61 C. Cls. 392; and Juliws Goldstone et al. v. United States, 61 C. Cls. 401. The plaintiff is entitled to recover on this item.
About a month after the plaintiff had entered upon the work, it notified the defendant of the subcontractor to whom it had given the contract for the manufacture of the terra cotta and requested that full size drawings for and models of ornamental, plain, and colored plaster for the terra cotta work for the exterior of the building, which were to be furnished by the Government, be delivered to its subcontractor. The defendant delayed in furnishing these drawings and models and the plaintiff repeatedly protested against the unreasonable delays and warned the defendant of the loss which would result, stating that it would hold the defendant for reimbursement of all damages it sustained by reason of the Government’s failure to furnish them. The Government admits that it delayed the plaintiff 62 days in the furnishing of these drawings and models and granted an extension of time for the completion of the contract for this period. Owing to the disruption of its progress schedule and the idleness of its force of workmen and plant, the plaintiff incurred an additional overhead expense of $9,651.74. In addition to this overhead, the plaintiff had contracted with its subcontractor, who had the contract for the placing of the limestone front, for the use of its scaffolding for the purpose of putting in place the terra cotta work. Owing to the delay of the Government in furnishing the drawings and models for the terra cotta work, the limestone had been placed in position and the scaffolding had been removed, and the plaintiff was put to the additional expense of erecting a new scaffolding in the sum of $984.34. *123 Where the Government agrees to perform a certain work or to furnish certain articles and fails to carry out its part of the contract, it is liable for the actual damages resulting from its failure to perform. It is too obvious to need argument that the Government is responsible for the actual damages occasioned by the delay in furnishing these drawings and models. The cost of the new scaffolding is a part of the damages suffered and is includable in the amount plaintiff is entitled to recover, occasioned by the delay of the defendant. The plaintiff is entitled to be reimbursed the amount of $10,642.08, being the actual damage sustained.
We next come to the three items which are for work within the terms of the contract but for which the plaintiff claims extra compensation by reason of the fact that the specifications furnished by the Government did not comply with the code requirements of the city of Trenton. In all three instances the claims are under $500 and therefore do not require authorization in writing. We do not feel that it is necessary to state the facts in each of these items as they are fully set out in the special findings of fact and, therefore, it is only necessary to say that the plaintiff had the right to assume that the specifications as drawn by the Government complied with the municipal code of the city in which the building was to be erected and the contractor could not be expected to violate a law of the municipality in order to keep within the specifications of the contract. In each instance, the contracting officer’s representative orally instructed the plaintiff to comply with the municipal code, but in each instance payment was subsequently refused for the extra work performed. Upon the completion of the building, this work was accepted by the Government and the Government has received the benefit of it. The plaintiff is entitled to recover these three items, amounting to $279.00, $370.21, and $159.94, or a total of $809.15. Suburban Contracting Company v. United States, 76 C. Cls. 533; Venable Construction Company v. United States, 114 Fed. 763; and Griffiths v. United States, 77 C. Cls. 542.
The next claim made by the plaintiff is for the furnishing of heat for 30 days from November 15 to December 14, *124 1932, in the sum of $1,200. The plaintiff had contracted to furnish temporary heat as necessary to protect all work and material against injury and cold weather, and when called on to furnish heat for the period above mentioned it protested but supplied the heat. The contention is made that, if the Government had not delayed the plaintiff 13 days in the preparation of the foundations and the 62 days in furnishing the drawings for the terra cotta work, the building would have been completed before the cold weather had set in and therefore the heat would have been unnecessary. The facts clearly show that the necessity for the furnishing of this heat arose because of the delays occasioned by the defendant and without these delays the building would have been completed and turned over to the Government before cold weather had set in and the plaintiff would not have been called upon to furnish this heat. A claim was made for the reimbursement of this additional expense, investigated by the Supervising Architect and referred by him to the Comptroller General, who disallowed it. It was the duty of the Supervising Architect under the terms of the contract as representative of the contracting-officer to make a decision on the merits of the claim. The Comptroller General was not a party to the contract, and his decision amounted to a nullity. Where the contracting officer fails to perform the duties imposed upon him by the contract, it is the duty of the court to perform this service and pass on the legal rights of the plaintiff.
In our opinion, the furnishing of this temporary heat by the plaintiff would have been unnecessary if plaintiff had not been delayed by the Government in the performance of its work, and, having been delayed by the Government, it is entitled to recover the actual damages it has sustained, which in this case is ‘the additional expense it has incurred. The plaintiff is entitled to recover on this item the sum of $1,200.
Plaintiff is entitled to a judgment in the sum of $14,-286.24. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Ghief Justice, concur.