Whaley, Judge,
delivered the opinion of the court:
The plaintiff entered into a contract with the defendant on July 27, 1928, for the construction of a bridge and culvert in the Yosemite National Park. The contract contained the usual provisions for periodic payments during the progress of the work and for liquidated damages in the event the work was not completed within the period specified, which ended December 7, 1928.
At the same time that the work under the contract involved in this proceeding was being carried on, work on other contracts was likewise being carried on, payment for which was being made out of general appropriations. On November 13, 1928, the defendant issued a formal shutdown order stopping the work pursuant to notice to that effect given to the plaintiff on October 1,1928. Subsequently the Secretary of the Interior reported that “work under the existing contracts progressed so rapidly that in September 1928 estimates were presented for payment that almost completely exhausted the available cash. It was therefore necessary on October 1 to order all work under the roads and trails appropriation stopped.”
The plaintiff resumed work on April 15, 1929, and completed it on August 16, 1929. Except for the delays caused by the defendant in clearing the site and the suspension caused by the shut-down order, plaintiff could have finished all work within the time provided in the contract. Considerable damages resulted to the plaintiff from the suspension of the work caused by the defendant’s inability to make payment of regular progress estimates.
*643 The facts show, and a commissioner of this court has found, that the plaintiff has proved damages to the extent of $4,451.13. The record does not show that the plaintiff is entitled to recover the amount withheld as liquidated damages. Neither the plaintiff nor the defendant has excepted to the commissioner’s report.
The only question in this case is whether the defendant breached its contract in suspending the work because of the lack of funds and, if so, what damages the plaintiff has suffered.
It has been repeatedly held by this court—
that persons contracting with the Government for partial service under general appropriations are not bound to know the condition of the appropriation account at the Treasury or on the contract book of the Department.
See Myerle, Exr. v. United States, 33 C. Cls. 1, 25, and cases: cited, and Karno-Smith Company v. United States, 84 C. Cls. 110.
The Government having failed to carry out its part of the contract, and the plaintiff having suffered damages as a result thereof, the plaintiff is entitled to recover the amount of damages proved.
Judgment will be entered for the plaintiff in the sum of $4,451.13. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.