Littleton, Judge,-
delivered the opinion of the court:
The D. C. Engineering Co., Inc., herein referred to as plaintiff, seeks to recover $26,044.64, representing its total excess cost of performance of work called for by its contract over the amended contract price of $88,378.82.
Plaintiff takes the position, in substance, that the whole of this excess cost resulted from and was attributable to *98 an initial delay of 212 days and a subsequent additional delay of 48 days in defendant’s general construction operations ; that the 126 days’ delay of the initial delay of 212 days was the result of failure of the defendant to have the general construction work ready for plaintiff’s work within a reasonable time after receipt by plaintiff of notice to proceed, and that the 48 days’ delay at the end of the contract, beyond the original fixed period of 250 days as extended to August 14, 1938, was likewise due to failure of defendant to have the construction work sufficiently advanced to enable plaintiff to complete its work that much earlier and at less cost. The building constructed by defendant under a separate contract was completed 260 days late. Plaintiff therefore contends that this delay of the defendant made it impossible for plaintiff to proceed properly and satisfactorily so as to complete its work in the period and under the circumstances contemplated by its contract; that the delay was unreasonable in that it required plaintiff to perform its work under unanticipated conditions and circumstances which rendered the work more expensive than it otherwise would have been had it been performed as contemplated by both parties to the contract, and that the defendant is liable for the total extra cost of performance.
Plaintiff relies chiefly upon the opinion of this court in M. H. McCloskey, Jr., Inc. to the Use of U. S. Fidelity and Guaranty Co. v. United States, 66 C. Cls. 105, but the principle there applied upon the facts disclosed by the record is not altogether applicable here. In that case the facts showed that the Government simply failed to fulfill within a reasonable time its contract obligation to prepare and furnish the McCloskey Company the site upon which it was to perform the work called for by its contract. We do not find that case to be authority for allowance of the full amount of the loss claimed in this case. The amount, if any, recoverable in each case depends upon proof as to the nature and extent of and responsibility for the delay or conditions giving rise to excess performance costs, and the amount of such costs as are attributable to such delay or conditions under which it became necessary for the work to be performed.
*99 •Under the facts disclosed by the record in this case, the provisions of plaintiff’s contract, the representations of the contracting officer as to the period during which the general construction work would be performed, and the statements and representations in the specifications and drawings relating to all work upon the entire project, upon all of which plaintiff had a right to rely and did rely in making its bid, we are of opinion that plaintiff is entitled to recover $9,349.95 of the total excess cost of $26,044.64 incurred. United States v. Smith, 94 U. S. 214, 217; Mueller v. United States, 113 U. S. 153, 156; Dermott v. Jones, 23 How. 220, 231, 233; O'Brien v. Miller, 168 U. S. 287, 297; Green County, Ky. v. Quinlan, 211 U. S. 582, 594; American Surety Co. v. Pauly (No. 1), 170 U. S. 133, 144; United States v. Spearin, 248 U. S. 132; Wood v. Fort Wayne, 119 U. S. 312, 321, 322; H. E. Crook Co., Inc., v. United States (B-195), 59 C. Cls. 593.
Time was an essence of plaintiff’s contract with the defendant and nowhere in plaintiff’s contract or specifications or in defendant’s contract and specifications for construction of the building in which plaintiff was to perform its work was the defendant relieved of responsibility for or liability to plaintiff for excess costs by reason of delay for which plaintiff was in no way responsible. Par. 1 of plaintiff’s specifications 1H-1 specifically directed plaintiff’s attention to the specifications and bid form for construction of the building in which the mechanical equipment was to be installed. While it is true that in the invitation for bids and the specifications for plumbing, heating, and electrical work it was stated by defendant that this work would be required to be commenced promptly after date of receipt of notice to proceed and be completed at a date not later than that fixed by the defendant in the contract which was to be made for construction of the hospital building, the representations made were definite enough to fix the rights and liabilities of plaintiff and defendant in the event of a material deviation or change in the represented conditions or the period of performance giving rise to an increase or decrease in cost of performance. The period in which construction of the building would be commenced and completed was definitely *100 fixed by the defendant on April 21, 1932, and plaintiff’s contract making that period of 250 days the period within which the plumbing, heating, and electrical work should be completed was executed April 29, 1932. On May 12, 1932, the defendant gave plaintiff written notice to proceed stating that it would be required to complete the work called for by its contract at a date not later than 250 calendar days after May 9, 1932, or by January 14, 1933. Before making its bid for furnishing and installing the plumbing, heating, and electrical equipment in the building to be constructed by defendant, plaintiff was advised by the contracting officer for the defendant, who had charge of all work connected with the entire project, that the work of constructing the building in which this equipment was to be installed would commence in the early spring of 1932 as soon as weather conditions permitted so that the building would be under roof and enclosed before cold weather set in during the following months. Nowhere in the invitation for bids, the specifications, or the standard form of contract, upon all of which, together with the representation of the defendant’s authorized contracting officer, the plaintiff made its bid, is there to be found any provision, express or implied, that the Government was not to be responsible for or liable to plaintiff for excess cost or damage resulting from and attributable to delay in the work to be performed by defendant of constructing the building. For this reason the cases of Wood et al v. United States, 258 U. S. 120; H. E. Crook Co., Inc. v. United States, 270 U. S. 4; G & H Heating Co. v. United States, 63 C. Cls. 164; Gertner v. United States, 76 C. Cls. 643, all of which involved materially different facts, circumstances, and contract provisions, are not in point here. See Cotton et al v. United States, 38 C. Cls. 536, 548; Hyde v. United States, 38 C. Cls. 649; Miller v. United States, 49 C. Cls. 276, 282, 283; Edge Moor Iron Co. v. United States, 61 C. Cls. 392, 396; Carroll et al v. United States, 76 C. Cls. 103.
Plaintiff’s contract and specifications did not contain a provision that the price set forth in the contract should cover all expenses of every nature connected with the work to be done and that the Government was to be relieved *101 of any liability if the building structure was not furnished as contemplated and stated, so that plaintiff could proceed with and perform its work during the time and under the conditions contemplated by both parties without incurring excess costs by reason of delay in construction operations. And we think it may not be said in this case that the parties to the contract here involved understood that the Government was to be relieved of all responsibility for any excess costs by reason of plaintiff having to perform the work called for by its contract under circumstances and conditions differing materially from those contemplated therein. Globe Refining Company v. Landa Cotton Oil Company, 190 U. S. 540, 543. The fact that a condition encountered, which causes delay, is unforeseen or unanticipated does not render the delay unavoidable and is not enough to relieve the contracting party, whose contractual duty it is to overcome it, from responsibility for damages to the other party from the delay caused by such condition. Carnegie Steel Co. v. United States, 49 C. Cls. 403, affirmed 240 U. S. 156. We are of opinion that plaintiff’s contract and specifications as a whole, and particularly articles 4 and 13, when considered in connection with the Government’s statements and representations set forth in the specifications relating to construction of the hospital building, require the conclusion that the Government was not relieved of responsibility for such of plaintiff’s excess costs as did not result from a cause for which plaintiff was responsible and which plaintiff was not required, in making its bid, to take into consideration.
In the specifications and drawings supplied to all bidders, the Government showed and indicated the conditions under which the work with which all parties were directly or indirectly concerned would be performed. In these specifications and drawings and in art. 4 of the standard form of contract the Government, in effect, represented to all bidders, including plaintiff, that in making their bids they should not take into consideration costs or expense of performance by reason of delay or extra work which might result from discovery by the Government of subsurface or latent conditions at the site of the work materially differing from those shown on the drawings or indicated in the specifi *102 cations; and that if such changed conditions should be encountered, the Government, through its contracting officer, would make an equitable adjustment in the amount due under the contract and in the time required for its performance so as to take care of any increase or decrease in the cost of performance resulting from such changed conditions. We think, in the circumstances, the fact that the Government encountered and discovered conditions materially differing from those contemplated and shown in its drawings and specifications in connection with its work of constructing the building in which plaintiff was to perform its work did not relieve the defendant of the duty, under plaintiff’s contract, of making an equitable adjustment so as to increase the amount due under plaintiff’s contract to take care of plaintiff’s increased cost of performance resulting from and attributable to such changed conditions. Plaintiff had been notified prior to June 4, 1932, that the construction work would be ready for plaintiff to begin its work by that date. Plaintiff immediately shipped all its tools and several carloads of material to the site, and employed a superintendent and sent him to the job. The contracting officer ordered the construction work stopped for a period of sixty-five (65) days, and finally moved the location of the building. This delayed the construction of the foundations five months and twenty-four days. During this time plaintiff could do no work, although it had to keep its superintendent on the job and its overhead expense was accruing. Plaintiff timely protested to the contracting officer that it should not be required to proceed with the work called for by its contract at the price stated therein by reason of the delay and under the circumstances and condition which had arisen, and insisted that the contracting officer should make an equitable adjustment increasing the amount otherwise due under its contract so as to meet the new and changed conditions which had been and would be encountered in its performance. The contracting officer, while not denying the claimed effect upon plaintiff’s performance, refused to make any adjustment and, in so refusing, we think he failed to perform the duty required of him under art. 4 of the contract. It should be noted here that the contracting officer did make an adjustment in *103 plaintiff’s contract in favor of the Government of a net decrease of $1,121 in the amount due under plaintiff’s contract by reason of the elimination of certain work because of the changed conditions encountered which necessitated the relocation of the building. It seems obvious that the adjustment, in order to be equitable as contemplated in the contract, should have taken into consideration as well the then known and clearly contemplated increased performance costs of plaintiff by reason of the same conditions. The changed conditions affected plaintiff’s performance and costs in much the same way as they affected the performance and costs of the defendant’s construction contractor, but in a lesser degree. Nevertheless, the plaintiff got nothing for its increased costs and the construction contractor was given an increase of $68,360.51 as an equitable adjustment “for extra work and delay” due to the changed conditions encountered.
In these circumstances and for the reasons hereinbefore stated, it becomes the duty of the court to determine and allow plaintiff the amount which will compensate it for the excess costs incurred and paid by it by reason of delay in performance of the work under conditions which rendered it more expensive than it otherwise would have been. We have found from the evidence submitted that this excess cost is $9,349.95, made up of superintendent’s salary and agreed overhead expense from June 4, 1932, the date on which plaintiff had been notified it could begin its work, to October 8, 1932, the date on which the building construction work was first ready for commencement by plaintiff of its work, and increased labor costs resulting from inefficiency of laborers who had to perform their work in the open, during the cold and winter weather of 1932-1933, rather than in an enclosed building as originally contemplated by the parties to the contract.
With reference to the further excess costs amounting to $3,073.08, representing wages of the superintendent and foremen, and overhead expense for the delay period of 48 days after the extended date of August 14, 1933, for completion, the evidence shows and the defendant’s contracting officer found that plaintiff was as much responsible for this delay as was the defendant’s contractor for the general construction *104 and, therefore, extended the time for each of the contractors from August 14 to October 1, 1938. Plaintiff is therefore not entitled to recover this cost.
The balance of $13,621.61 of the total loss of $26,044.64 sustained by plaintiff under its contract appears from the evidence of record to have been the result of inadequate estimates by plaintiff for costs of direct labor and materials for heating and plumbing and its inability, due to its financial condition, to take advantage of certain discounts for prompt payments on materials purchased and installed in the building. We need not determine whether under all the circumstances the plaintiff would be entitled to recover on account of loss of discounts for the reason that the proof does not show the exact amount which plaintiff was required to pay for materials, by reason of its inability to take advantage of allowable discounts through prompt payments for materials purchased. In these circumstances, this portion of the total excess cost of $26,044.64 is clearly not recoverable.
Judgment will be entered in favor of plaintiff for $9,349.95. It is so ordered.