*588 MEMORANDUM BY THE COTOT
The plaintiff in this case must abide by the provisions of the contract which he entered into. He offers no reason and adduces no evidence which would justify the court in reforming the contract. In both the contentions which he makes he signed a contract which specifically provided that the Bureau of Yards and Docks should be the final arbiter if any dispute arose between the parties. The bui’eau has acted, has passed upon his claim for extension of time, and his claim for extra work. That action is final, and can not be reviewed by this' court. It is not necessary to, cite the numerous authorities which establish this principle.
The claim that the Government was responsible for the delay which occurred is not supported by the evidence. The delay was occasioned by the failure to secure delivery of materials. The contract provides: “Delays in securing delivery of materials, or by rejection of materials on inspection, or by changes in market conditions, or by necessary time taken in submitting, checking, and correcting drawings or inspecting materials, or by similar causes, will not be regarded as unavoidable.” Thus the plaintiff when he signed the contract had notice that any delay in the delivery of the materials could not be relied on by him as giving him a claim for unavoidable delay, and he took the chance that the material would be delivered in time for him to complete the work within the time prescribed in the contract. He was not obliged to sign the contract; but having done so, he can not be heard to complain that he has lost by it.