Hat, Judge,
delivered the opinion of the court:
This is an action brought by the plaintiffs to recover the sum of $69,742.51 damages for the alleged breach of a written contract entered into by the parties on December 15, 1917. By its terms the plaintiffs agreed to construct and complete within 800 calendar days after delivery to them of a copy of the contract a timber and concrete fitting-out pier at the navy yard, Norfolk, Va., for the consideration specified in the contract, but not to exceed the sum of $500,000.
By mutual agreement the time for the completion of the contract was extended to January 22,1919. The agreed compensation named in the contract was fully paid by the United States, the final payment being made in December, 1922, the plaintiffs having executed at that time a final release, with a proviso that this release should not be taken to include claims arising under the contract other than those which the Secretary of the Navy had jurisdiction to entertain.
The claims sued for, with one exception, are based upon alleged breaches of the contract by the United States: First, for preventing the plaintiffs from utilizing the whole of the space assigned to them by the public-works officer for the receipt and handling of the materials and equipment necessary for work on the contract; second, obstructing the plaintiffs in the use of a spur track at the site of the work, the building of which by the plaintiffs was authorized by the officer in charge of the work; and third, the taking over by the Government of the distribution of labor at Norfolk, Va., and thereby preventing the plaintiffs from obtaining an adequate supply of common labor and compelling them to use skilled labor in the place of common labor.
The contract provided that the plaintiffs should be allowed reasonable space at the site of the work; such space was allowed, and if the plaintiffs did not have the use of the whole space assigned to them it was the fault of other contractors; and, moreover, it is not proved what damage resulted to the plaintiffs because of this lack of space, and *681 therefore the court is unable to determine the amount of this damage, if any.
There was nothing in the contract which required. the United States to build the spur track; this track was built by the plaintiffs, who obtained permission to build it; after it was built it was not obstructed or interfered with' by the United States but by other contractors. The plaintiffs failed to prove the amount of the damage incurred by them because of the alleged interference, and the court can not fix the amount of the damages, if any.
The United States in its contractual relation with the plaintiffs did not take over the control of the labor situation at Norfolk, Va.; its action with regard to labor was that of a sovereign, and applied not only to Norfolk but to the entire United States; and moreover, the plaintiffs have failed to prove what damages they incurred by reason of this alleged taking over of the labor situation, and therefore the court can not give judgment for something which has not been proven.
The contract provided as follows:
“ Control of Worle. — The Government, by its officer in charge, shall at all times exercise full supervision and general direction of all work under the contract as far as it affects the interests of the Government, and all questions, disputes, or differences as to any part or detail thereof shall be decided by such officer in charge, subject to appeal, provided that it shall be distinctly understood that the supervision and general direction of all work under the contract by the officer in charge shall not relieve the contractor of responsibility for the full protection of and responsibility for the work, both as regards sufficiency and time of execution.”
The claims of the plaintiffs arose largely from the differences between them and the United States as to the space, spur track, and labor situation. The plaintiffs had the right to invoke this clause of the contract. They did not do so, and having failed to avail themselves of the remedy accorded to them by the provisions of the contract it is too late now to appeal to the court for redress. Parties must abide by their contracts. The court will enforce the provisions of contracts, and can not take into consideration questions of *682 hardships entailed upon parties who by their own acts have precluded themselves from relief in the courts.
The plaintiffs’ claims based upon the alleged want of space, the spur track, and the labor situation must be dismissed for the reasons stated, and for the further reason that the amount of alleged damages has not been proven.
The plaintiffs allege that by the failure of the United States to make timely deliveries of carloads of material to the plaintiffs they were compelled to pay large excess de-murrage charges. The contract provided that “ Delays in securing delivery of materials will not be regarded as unavoidable.”
Nothing in the contract placed any liability upon the Government for delays which were not unavoidable. The plaintiffs signed the agreement with full knowledge that it could not hold the Government liable for delays in the delivery of materials. The plaintiffs were experienced contractors, and must have been fully aware of all the terms of the contract. They must abide by it. Crook Company v. United States, decided January 25, 1926, 270 U. S. 4, citing Wells Brothers v. United States, 254 U. S. 83, 86, and Wood v. United States, 258 U. S. 120.
The petition of the plaintiffs must be dismissed. It is so ordered.
Graham, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.