GRAham, Judge,
delivered the opinion of the court:
This is a suit brought by the McMyler Interstate Company to recover a sum deducted as liquidated damages from a sum which would otherwise be due the company under a written contract. Since the commencement of this suit A. G. Newcomb and P. A. Connolly, receivers for the said company, have been substituted as plaintiffs by order of the court.
On December 31, 1919, the McMyler Interstate Company entered into a formal written contract with the defendant to furnish, deliver, and erect upon foundations to be furnished by the defendant, three electric traveling hammerhead cranes, two for the navy yard at Norfolk and the third for the navy yard at Philadelphia, for the sum of $138,875. *377 A copy of the contract was sent to the plaintiffs’ company on January 15th, 1920, and received by it on Jannary 17th. Taking the latter date the cranes should have been delivered, as provided in the contract, at Norfolk on August 4th and at Philadelphia on August 9, 1920. Under the contract one Norfolk crane and one Philadelphia crane were to be delivered and erected within 200 days and the other Norfolk crane within 205 days. There was a delay of 184 days on the Philadelphia crane and 212 and 217 days, respectively, on the Norfolk cranes, making a total delay of 613 days.
The contract provided for the assessment of liquidated damages at $60 per day, and the defendant assessed plaintiffs’ company with damages for 613 days at this rate.
The contract contains provisions for an extension of time and the conditions under which the extension could be secured. It is a formal written contract, the language of the contract is unambiguous, and the court has no option but to enforce it as it finds it. Section 12 of the contract provides as follows: ‘
“ Extension of time. — For causes of the character hereinafter enumerated extensions of time for the completion of the work may be allowed. Should the contractor at any time consider that he is entitled to an extension of time for any cause, he must submit in writing to the officer in charge an application for such extension, stating therein the cause or causes of the alleged delay. The officer in charge will refer the same at once, with full report and recommendation to the Navy Department, Bureau of Yards and Docks, for consideration and for such action as the circumstances may warrant. The failure or neglect of the contractor to submit, as above provided, his claim for extension of time within 30 days after the happening of the cause or causes upon which his claim is predicated shall be deemed and construed as a waiver of all claims and right to an extension of time for the completion of the work on account of the alleged delay, and the contractor agrees to accept the finding and action of the Navy Department, Bureau of Yards and Docks, in the premises as conclusive and binding.”
The contractor did not submit an application for extension of time within thirty days after the happening of the cause or causes upon which the claim was based, and under the terms of- this contract it is debarred from objecting to *378 the assessment of liquidated damages. See Pawling & Co. v. United States, 60 C. Cls. 699, 710, 273 U. S. 665. It should have submitted its claim for an extension of time. Having failed to do so within thirty days as provided in its contract, its claim when submitted came too late. The Government was not called upon to allow it, and did not allow it, and the contractor therefore must fall back upon some other ground for excusing the delays. These are delays in shipments and in securing material. The contract distinctly covers and excludes such grounds as excuses for delaying. It contains the following provision:
“ Unavoidable delays. — Unavoidable delays are such as result from causes which are beyond the control of the contractor, such as acts of Providence, fortuitous events, inevitable accidents, abnormal conditions of weather or tides, or strikes of such scope and character as to interfere materially with the progress of the work. Delays caused by acts of the Government will be regarded as unavoidable delays. Delays in securing delivery of materials, or by rejection of materials on inspection, or by changes in market conditions, or by necessary time taken in submitting, checking, and correcting drawings or inspecting material, or by similar causes, will not be regarded as unavoidable- Should any delay in the progress of the work seem likely to occur at any time, the contractor shall notify the officer in charge in writing of the anticipated or actual delay, in order that a suitable record of the same may be made.”
The contractor may have made an improvident contract, but that is not to be considered by the court. It can not complain if under the terms of the contract it has suffered a loss. Howard Bros. v. United States, 60 C. Cls. 583, 588; Converse et al. v. United States, 61 C. Cls. 672, 682 (certiorari denied); Wells Brothers Co. v. United States, 254 U. S. 83, 86; Wood et al. v. United States, 258 U. S. 120; and Crook Co. v. United States, 59 C. Cls. 593, 270 U. S. 4.
Judgment will be entered for the plaintiffs, and it is so ordered.
SiNNOTT, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.
Moss, Judge, took no part in the decision of this case, on account of illness.