# WOOD ET AL., TRADING AS PHILADELPHIA STEAM HEATING COMPANY, v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 100.   Argued January 20, 1922.—Decided February 27, 1922.

Where a public building contract provides that no claim shall be made or allowed for damages which may arise out of any delay caused by the Government, damages due to delays caused by the Government's suspensions of the work cannot be recovered, even though suspensions were not expressly authorized by the contract. So *held*, where the contractor acquiesced in the first suspension and thereafter made no protest, nor any claim until the suit was brought. P. 121.

55 Ct. Clms. 533, affirmed.

APPEAL from a judgment of the Court of Claims rejecting a claim for damages arising from suspension of work under claimants' contract.

*Mr. Edwin C. Brandenburg,* with whom *Mr. Clarence A. Brandenburg* was on the brief, for appellants.

*Mr. Assistant Attorney General Ottinger,* with whom *Mr. Solicitor General Beck* and *Mr. Harvey B. Cox* were on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Philadelphia Steam Heating Company made a contract with the United States, approved April 5, 1897, to furnish and install the boiler plant, heating system and other apparatus for the post-office building at Washington then under construction. The price fixed was $111,373; the time for completion 250 working days; with a forfeiture of $100 a day for each day's delay. The contract provided that for each day's delay " in the execution of the work " caused " through any fault " of the Govern-

ment one additional day was to be allowed for its completion; but " that no claim shall be made or allowed for damages which may arise out of any delay caused by the " Government. The right to make additions to or omissions from the work was reserved by the United States, allowance therefor to be determined by the Supervising Architect; and it was provided " that no claim for damages, on account of such changes or for anticipated profits, shall be made or allowed."

The work was entered upon promptly both at the factory in Philadelphia and at Washington. About a month thereafter the Secretary of the Treasury requested suspension of certain work, in view of contemplated changes, and notified the contractor that he would be entitled to " one day additional for each day's delay caused by the Government, as provided for by your contract." Radical changes in plan were made. There was a suspension for ten months of part of the work which had to be done in the building; and later another suspension was ordered. The whole work was not completed until eighteen months after the expiration of the contract period. This delay was attributable mainly, if not wholly, to the Government. To recover for the expenses and loss which resulted from this delay, as well as for extra work, this suit was brought in the Court of Claims. Judgment was entered for the value of the extra work; but the court, following its decision in *Merchants' Loan & Trust Co.* v. *United States,* 40 Ct. Clms. 117, denied recovery for damages due to the suspension.

The appeal to this court was taken before our decision in *Wells Brothers Co.* v. *United States,* 254 U. S. 83. There the contract gave to the United States in terms " the right of suspending the whole or any part of the work." The absence of such a provision in the contract here under consideration is mainly relied upon to distinguish this case. But here, as there, the contract pro-

vided that no claim shall be made or allowed for any damages which may arise out of any delay caused by the United States. Suspension by the Government is one of several possible causes of delay—and not an uncommon one.

Moreover, when the contractor was first directed to suspend work, he replied: " We are not objecting to this, but we desire to call the department's attention to the matter in order that we may be entitled to extra time should we be unable to complete the work within the time named in our contract." So far as appears no protest was ever made against the prolonged suspension; nor was there any claim made of a right to damages arising therefrom until it was asserted in this suit.

*Affirmed.*