Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff against the United States for the sum of $7,159.31, made up of two- items, one of which is the sum of $6,439.86, being the amount paid by the plaintiff for wages which it alleges was in excess of what it would have paid had not the Government delayed it in the completion of the work contracted for, and the other is the sum of $719.45 additional premium paid on the bond required by the contract and which it would not have been compelled to pay had not the Government delayed it in the completion of its contract.
The plaintiff entered into a contract with the United States whereby it agreed to furnish the labor and materials for the installation of two heating systems in certain, buildings a.t the navy yard, Norfolk, Va. The plaintiff agreed to complete the work within 200 calendar days from the date that a copy of the contract was delivered to it. The contract was delivered to it on August 31,1917, and accordingly the date of completion was March 19, 1918.
The buildings in which the heating systems were to be installed were being erected by the Navy Department. They were not ready for the installation of the heating systems on August 31, 1917, and owing to the delay of the Government the plaintiff was not able to begin work on its contract until May 27, 1918, which date was more than two months after the date fixed for the completion of the work.
The facts found in this ease are taken from the stipulations of the parties as to what the facts are. No evidence appears in the record, and the court is therefore compelled, in arriving at its decision, to rely upon the facts as agreed to by the parties.
What contract work had been done, if any, before the date for the completion of the contract does not appear. What quantities of necessary materials had been purchased and de *597 livered at tlie site and when they were purchased and delivered does not appear. What negotiations were entered into between the parties, when it was found that the work could not be begun on the date fixed in the contract does not appear. What, if any, demand Avas made on the defendant for additional compensation by reason of the increase of wages, or when such -a demand Avas made, if any, does not appear.
We draA\T no inference from the failure of the parties to include these relevant facts in the stipulations, except that without them the plaintiff must be held to have elected to go on with the Avork under the terms of the contract.
The plaintiff on May 15, 1918, began work under the contract, and continued its work under the contract until its completion, when the Avork was accepted and the plaintiff was paid in full the contract price for the Avork on December 8, 1919. At the same time it reserved the right to sue for the items now claimed by it. It appears that the plaintiff, notwithstanding the breach of the contract on the part of the Government, Avent on Avitli the work under the terms of the contract without making any demand upon the defendant either as to increase of wages or as to the additional premium on the bond. The plaintiff by its conduct waived the breach and the parties were in precisely the same position which they occupied when the contract was entered into, the plaintiff still agreeing to perform the work for the contract price of $71,945, which sum under the contract was to coA^er all expenses connected with the work.
The plaintiff had the right, if it had chosen to exercise it, to refuse to go on with the work, but when it elected to proceed with the work and took no steps to protect itself against any extra expense which it might incur by reason of delay of the Government, and proceeded with the work under the contract, the parties stood in the same relation to each other as they did when the contract was entered into. The fact that wages increased during the progress of the work, or after the work was begun by the plaintiff under the contract, although the date of the commencement of the work had been postponed by the Government, does not give the plaintiff the right to add to the price of the work any more than Avould the United States have the right to deduct from the *598 contract price any decrease in wages which might have taken place during the progress of the work.
The fact that wages had increased must have been within the knowledge of the plaintiff when it elected to go on with tire work under the contract. It then made no demand nor any endeavor to get the contract price of the work changed to meet altered conditions. .Having waived the breach, it can not now be heard to ask for a change in the contract which will impose upon one of the parties the payment of an additional sum for the completion of the work. •
The same reasoning applies to the other item of the claim.
The petition must be dismissed. It is so ordered.
Downey, Judge; Booth, Judge; and Campbell, (Thief Justice, concur.