## H. E. CROOK COMPANY, INC. *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 122. Argued January 12, 1926.—Decided January 25, 1926.

Where a contract for furnishing and installing heating plants in buildings to be erected for the Government by other contractors showed on its face that progress under it would be dependent on the progress of the buildings, and, though strictly limiting the time for the contractor's performance, made no reference to delays by the Government save as grounds for time extensions to the contractor; and the contractor therein agreed to accept the contract price in full satisfaction for all work done under the contract, reduced by damages deducted for its delays and increased or reduced by the price of any changes ordered by the Government, and stipulated that the contract price should cover all expenses of any

nature connected with the work to be done; *held,* that the Government was not bound to make good losses suffered by the contractor in performing the contract, due to delays in completing the buildings.

59 Ct. Cls. 593, affirmed.

APPEAL from a judgment of the Court of Claims denying a claim for damages due to delay in enabling the claimant to perform its contract.

*Messrs. G. M. Brady* and *Bynum E. Hinton,* with whom *Mr. Julian C. Hammack* was on the brief, for appellant.

*Assistant Attorney General Galloway,* with whom *Solicitor General Mitchell* and *Mr. Joseph Henry Cohen,* Special Assistant to the Attorney General, were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal from a judgment of the Court of Claims, taken under § 242 of the Judicial Code before that section was repealed by the Act of February 13, 1925, c. 229, § 13; 43 Stat. 936, 941. The claim is for damages due to delay in enabling the plaintiff to perform a contract. The Court of Claims held that the plaintiff waived any claim that it might have had by going on with the work without protest and without taking any steps to protect itself. 59 Ct. Cl. 593. The Government contends that by the terms of the contract it was not bound to pay damages for delay.

The contract was that the plaintiff should furnish and install heating systems ' one in the Foundry Building, and one in the Machine Shop at the Navy Yard, Norfolk, Virginia.' It allowed two hundred days from the date of delivering a copy to the plaintiff for the work to be completed. A copy was delivered on August 31, 1917,

making March 19, 1918, the day for completion. But it was obvious on the face of the contract that this date was provisional. The Government reserved the right to make changes and to interrupt the stipulated continuity of the work. *Wells Brothers Co. v. United States,* 254 U. S. 83, 86., The contract showed that the specific buildings referred to were in process of construction by contractors who might not keep up to time. 'The approximate contract date of completion for the foundry' is stated to be March 17, 1918, and that for the machine shop, February 15, 1918. The same dates were fixed for completing the heating systems, but the heating apparatus had to conform to the structure, of course, so that if the general contractors were behindhand the heating also would be delayed. They were behindhand nearly a year. When such a situation was displayed by the contract it was not to be expected that the Government should bind itself to a fixed time for the work to come to an end, and there is not a word in the instrument by which it did so, unless an undertaking contrary to what seems to us the implication is implied.

The Government did fix the time very strictly for the contractor. It is contemplated that the contractor may be unknown, and he must satisfy the Government of his having the capital, experience, and ability to do the work. Much care is taken therefore to keep him up to the mark. Liquidated damages are fixed for his delays. But the only reference to delays on the Government side is in the agreement that if caused by its acts they will be regarded as unavoidable, which though probably inserted primarily for the contractor's benefit as a ground for extension of time, is not without a bearing on what the contract bound the Government to do. Delays by the building contractors were unavoidable from the point of view of both parties to the contract in suit. The plaintiff agreed to accept in full satisfaction for all work done under the

contract the contract price, reduced by damages deducted for his delays and increased or reduced by the price of changes, as fixed by the Chief of the Bureau of Yards and Works. Nothing more is allowed for changes, as to which the Government is master. It would be strange if it were bound for more in respect of matters presumably beyond its control. The contract price, it is said in another clause, shall cover all expenses of every nature connected with the work to be done. Liability was excluded expressly for utilities that the Government promised to supply. We are of opinion that the failure to exclude the present claim was due to the fact that the whole frame of the contract was understood to shut it out, although in some cases the Government's lawyers have been more careful. *Wood* v. *United States,* 258 U. S. 120. The plaintiff's time was extended and it was paid the full contract price. In our opinion it is entitled to nothing more.

*Judgment affirmed.*