Campbell, GMef Justice,
delivered the opinion of the court:
The plaintiffs entered into a contract with the United States for the erection of nine magazine buildings at Mare Island Navy Yard. The entire work on six of them was to be completed within two calendar months from the date of the arrival at plaintiffs’ work of 90 per cent of all the steel required for them, and the work on the other three buildings to be completed within 35 days after the receipt of the steel at plaintiffs’ works. The larger amount of the steel was to be supplied by the Government, and the basis for this suit is the alleged delay of the Government in furnishing the steel. The contract was executed on October 16, 1917, and the entire work was completed in June, 1918. The plaintiffs have been paid the full contract price of $74,802, and *671 in addition have received about $18,000, the agreed price for some other work done under “ change orders ” that was authorized by the contract. Pending the delay in delivery of the steel there was an increase in' wages and in cost of transportation and other items of expense, but the two mentioned embrace the principal items of the claim here asserted that the plaintiffs were put to increased cost over what they would have been subjected to if the steel had been furnished earlier. It is manifest from the terms of the contract that the parties had in contemplation that there might be delays incident to securing the materials. The contract is silent as to the time within which the steel would be delivered, and it is probable that it was purposely silent on this score. The plaintiffs were experienced builders, and it was a matter of common knowledge that the existing war was making its demands on all kinds of manufacturing concerns. It is trite to say that the undertaking meant that the steel would be supplied within a reasonable time, but in the existing circumstances it would be difficult to determine what was a reasonable time, and the parties contracted with reference to these uncertainties. Some emphasis seems to be laid by plaintiffs upon the fact that when their bid was made in September they inquired when the steel would be forthcoming and were told that it had been ordered and was expected in a few weeks. But there is not only no such provision in the contract that was subsequently executed in October, but the contract itself contains a provision that “ oral statements ” would not be allowed to affect its provisions. In the case of Crook Co., 59 C. Cls. 593, there was a contract which in most of its essential features was a counterpart of the contract in this case, the general provisions being the same. There was delay caused by the Government and a temporary suspension of the work. This court held that the plaintiff could have refused to go on with the work, but having continued with the work it waived the breach. The petition was dismissed and the H. E. Crook Co. took an appeal to the Supreme Court of the United States. It was in that court contended by the Government “ that by the terms of the contract it was not bound to pay damages *672 for delay.” The Supreme Court, 270 U. S. 4, after reviewing the terms of the contract say: “ We are of opinion that the failure to exclude the present claim was due to the fact that the whole frame of the contract was understood to shut it out.” The cases of Wells Brothers, 254 U. S. 83, 86, and Wood, 258 U. S. 120, both of which were appeals from the Court of Claims, are cited. We do not mean to say that the Government may not be liable in damages for its delay in some cases, but we do mean to say that the construction which the Supreme Court gave to the contract in the .case mentioned is controlling upon this court where the same kind of contract appears. Our conclusion is that the petition should be dismissed. And it is so ordered.
Graham, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.