Booth, Judge,
delivered the opinion of the court:
The plaintiff responded to public proposals, circulated by the Department of Labor, for doing certain work in connection with the extension of the coal hoist at Ellis Island, New York Harbor. The plaintiff’s bid of $2,984 for completing the job was accepted, and on November 28, 1921, a formal written contract was executed by the parties.
Plaintiff’s cause of action depends for success upon two contentions. First, the allegation is made that the written contract does not clearly and precisely set out what the real contract was. To sustain this contention plaintiff introduces testimony to the effect that the mutual understanding of the contracting parties was that the defendant would load the coal hoist to its full capacity; that by doing so a sufficient quantity of coal would be available to meet the wants of the station for at least ten days, thereby affording the plaintiff free and uninterrupted access to the plant for that period of time, within which it had agreed to complete the work.
Whatever may have been the preliminary negotiations with respect to the contract, it is impossible to find therein *438 any covenant to the above effect. It is true tbe plaintiff agreed to complete the work within ten days; but, on December IT, 1921, the defendant advised the plaintiff of the absolute necessity of continuing to unload coal at the hoist during the performance of the work, and the plaintiff’s only protest was for an extension of time because of this fact. The extension was granted and no penalties under the contract exacted.
The record as a whole discloses a transaction where the activities of the parties were more or less interdependent. The plaintiff could not expeditiously complete the work when coal barges monopolized the space adjacent to where the work was to be done; neither could the defendant dispense with the public necessity for a supply of coal. This situation presented itself upon an examination of the premises, and the plaintiff was expressly admonished to ascertain the difficulties attendant upon the job prior to submitting his bid.
Paragraph 11 of the contract reserved to the defendant the right to suspend the work in whole or in part when in the opinion of the Secretary it was necessary, and contained a proviso as follows: “ That no claim shall be made or allowed to said party of the first part of any damages arising out of any such suspension or delay.” This provision was, of course, in the contract when the plaintiff signed it. Contracts may not be reformed in the absence of a mutual mistake of the parties as to their terms. While it is certain the plaintiff was delayed by the presence of the coal barges at the site of the work, a delay sufficient in extent to prolong the anticipated time of completion some IT days, nevertheless there is not sufficient evidence in the record to warrant the court in holding that the defendant agreed to keep the coal barges away for a consecutive period of 10 days, whatever may have been the honest impression of the plaintiff.
The plaintiff was one of several bidders; the plaintiff’s bid contained the proposal to do the work in 10 days, the others were unwilling to enter into a contract providing for such a short period of time. The work was not unusually extensive, but attended with the difficulties appertaining to con *439 struction which must depend to some extent on the ebb and flow of the tide. It was out in the harbor of New York, 10 miles distant from the plaintiff’s base of operations, and it would be an insurmountable task to attempt an exact proportion of time chargeable to the defendant as delays caused by the presence of the barges, even if recovery therefor would he allowable. Plaintiff admits that as to certain character of work to be done no more than two or three hours were available each day for its performance. The record seems to warrant an inference that the plaintiff mistakenly limited the time of performance to a much shorter period than should have been done.
The case it seems to us, is determined by the decision of the Supreme Court in the case of Wells Bros. Co. v. United States, 254 U. S. 83; Wood v. United States, 258 U. S. 120; and Crook Co. v. United States, decided January 25, 1926, 270 U. S. 4.
The petition will be dismissed. It is so ordered.
Geaham, Judge; Hat, Judge; and Campbell, Chief Justice, concur.