Green, Judge,
delivered the opinion of the court:
This suit is brought upon a contract to perform certain work and furnish and install certain electrical equipment and apparatus for the defendant. The plaintiffs performed the contract without any fault on their part, and the defendant paid them the contract price, less a deduction of $175.00 which was withheld by the Government as a consideration for making payment without securing the final release provided for by the contract. Repeated decisions by this court have held that the defendant had no right to make a deduction on this ground and the plaintiffs are entitled to recover the amount so withheld.
With reference to the claim of the plaintiffs for damages caused by delays on the part of defendant, the evidence shows that the Government failed to do antecedent work which was necessary before the plaintiffs could commence work upon their part of the contract, and plaintiffs were thereby so delayed that they were unable to commence their work until after the time originally fixed for its completion. The result was that plaintiffs were compelled to pay $2,456.84 more than would have been required had the work been completed within the time originally contemplated by the contract, which they could have accomplished had it not been for the failure of defendant to perform the necessary antecedent work. The Government paid half of this sum and plaintiffs seek to recover the remainder.
Counsel for plaintiffs cite several decisions of this court in support of their contention that as the delays were caused by the failure of defendant to have ready the antecedent *518 work, plaintiffs are entitled to recover the increase in labor cost caused thereby. In our opinion, none of these cases support this contention.
The original contract provided for delays and stated that they should be considered unavoidable when caused by the Government, and provided that plaintiffs might receive an extension of time by reason of such delays. The original contract also provided that:
“ The* contract price shall cover all expenses, of whatever nature or description, connected with the work to be done under the contract.”
This was modified by a further agreement which provided in substance that in case of an increase in the wage scale after the date of the contract the plaintiffs should receive additional compensation in an amount equal to one-half of the increase so required to be paid by them. In accordance with this agreement, defendant paid one-half of the increased cost in wages.
In each of the cases cited on behalf of plaintiffs it was held that the Government was liable for damages by reason of having caused delay in the performance of the work for which it had contracted. But the fact that the Government caused delay and damage in the performance of the work is not by itself and alone sufficient to make the Government liable, and none of these cases is authority for any such principle. Each depended on the particular facts which pertained thereto and the provisions of the contract, which were quite different from those in the case at bar. The true principle is that the acts of the Government or its omission to act, even though they caused delay, will not make the Government liable in damages unless they constitute also some breach of the contract, either express or implied. In the instant case the contract shows that delays were contemplated, and also that it was expressly stipulated as to what should be done in case of an increase in the wage scale. Both parties to the contract are bound thereby ; and the defendant having complied therewith, the plaintiffs are not entitled to recover anything further. The case at bar is in some respects like that of Crook Co. v. *519 United States, 270 U. S. 4, the provision with reference to delays being the same in both cases. In the Crook case, supra, the plaintiff was not permitted to recover, although delays were caused by the Government. The instant case is in fact stronger than the Crook case in favor of the Government, by reason of the special provision as to what should be done in case of an increase in the wage scale.
It follows from what has been said above that the plaintiffs are entitled to recover only the amount of the contract price which was withheld by defendant and is still owing them. Judgment accordingly will be entered in favor of plaintiffs for $115.00.
SiNNOtt, Judge; Moss, Judge; Gkaham, Judge; and Booth, GMef Justice, concur.