GheeN, Judge,
delivered the opinion of the court:
The evidence shows that the plaintiffs contracted with the defendant to install certain mechanical equipment in a building to be constructed by the Government, at Hampton Roads, Virginia. The. contract was dated March 7, 1919, and was to be completed within 120 days from the date a copy of the contract was delivered to plaintiffs, which was July 29,1919. The work in fact was not completed until September 3,1920, due principally to delay on the part of other contractors in completing other necessary preliminary work.
Plaintiffs bring this suit to recover a small unpaid balance withheld from the contract price, and also damages which they claim to have sustained by reason of the delay on the part of the Government, which damages consist in increased wages paid to employees and the cost of the construction of a building made necessary by the delay, as plaintiffs allege, to protect the material which they had purchased to use in carrying out the contract. The Chief of the Bureau of Yards and Docks, Navy Department, made a finding on the question of delay favorable to the plaintiffs (see his letter in Finding IX), and the contract contained a provision as to the effect of his findings, which is claimed by the plaintiffs to be conclusive in their favor.
We do not need to determine the effect of the findings of the Bureau of Yards and Docks for the evidence, as a whole, shows that the delays were all, or nearly all, caused by the failure of the defendant to have ready for the plaintiffs the construction and equipment which, under the contract, it was its duty to provide. Cases are. cited by counsel for plaintiffs from our previous decisions which hold the Gov- *506 emrnent liable in cases where it has caused damage by delay in complying with its part of the contract. That such a liability may arise is well settled, but we held in Carroll Electric Co. v. United States, 67 C. Cls. 518, that “the fact that the Government caused delay and damage in the performance of the work is not by itself and alone sufficient to make the Government liable,” and also the true principle is that the acts of the Government or its omission to act, even though they caused delay, will not make the Government liable in damages unless they constitute also some breach of the contract, either express or implied.”
In this case the contract contemplated delays, and provided that in such event the contractor should proceed with the work. Nevertheless, we think that there was an implied obligation by the Government to perform its part of the contract within a reasonable time, the period which this reasonable time would cover of course depending on all the circumstances connected with the performance of these obligations. But granting all this, we are left in the dark by the evidence as to what would have been a reasonable time under the circumstances, because we have no evidence as to what the circumstances were. They might have been such as to give the Government no excuse, or an excuse for part of the time, or possibly all of the delay. All the evidence shows with reference to the circumstances is that there were other contractors who were to perform the preliminary work which it was necessary to complete before plaintiffs could proceed with their part of the contract. There was delay in performing this preliminary work, but whether the fault was on the part of the Government in respect to letting the contracts, or with these other contractors in performing the preliminary work, or what it was that caused the delay, does not appear from the evidence; and there is nothing in the evidence that would justify us in finding that so far as the Government was concerned the delay was unreasonable. It may be contended that the delay was of such length, considering the fact that there was nothing special or unusual in what was required on the part of the Government, a court might hold as a matter of law that so long a delay was unreasonable. Conceding for the sake of the argument only *507 that this might be done, we still have no evidence which would fix the date after which the delay became unreasonable. We must therefore conclude that the evidence fails to show a breach of the contract in this respect on the part of the defendant.
The case at bar is very similar in its facts to the case of H. E. Crook Co. v. United States, 59 C. Cls. 593, and 270 U. S. 4, in which there was about the same number of days delay, causing the plaintiff to pay several thousand dollars increase in wages. In that case the Supreme Court said:
“ But the only reference to delays on the Government side is in the agreement that if caused by its acts they will be regarded as unavoidable, which though probably inserted primarily for the contractor’s benefit as a ground for extension of time, is not without a bearing on what the contract bound the Government to do. Delays by the building contractors were unavoidable from the point of view of both parties to the contract in suit. The plaintiff agreed to accept in full satisfaction for all work done under the contract the contract price, reduced by damages deducted for his delays and increased or reduced by the price of changes, as fixed by the Chief of the Bureau of Yards and Works. Nothing more is allowed for changes, as to which the Government is master. It would be strange if it were bound for more in respect of matters presumably beyond its control. The contract price, it is said in another clause, shall cover all expenses of every nature connected with the work to be done.”
The language of the Supreme Court applies with equal force to the case at bar in which not only the facts but the provisions of the contract with reference to changes, and the contract price covering all expenses, were substantially the same as in the Crook case, supra, where the holding was that the plaintiff was not entitled to recover, and in which the decision of the Supreme Court is to the effect (as shown by a part of the opinion not quoted) that there was no breach of the contract on the part of the Government.
Plaintiffs also seek to recover the cost of a small building erected to preserve materials and equipment which they had purchased and brought to the place where they were to be used, but were unable to use the same at the time when they were brought by reason of delay on the part of the Government. There is no doubt under the evidence as to the *508 delay on the part of the Government having ing necessary and there is no dispute as to its cost and value, but here again plaintiffs’ recovery must depend, like that upon the item last above discussed, upon whether there was an implied contract fixing a time for the Government to-complete its part of the contract, and if so, whether the evidence shows the date as to which this completion was to- be effected. On these questions the rules above set forth must be applied with the result that plaintiffs are denied the right to a recovery.
The evidence entirely fails to sustain plaintiffs’ claim for damages on account of extra premium paid on bond. This leaves nothing which plaintiffs can be allowed except the sum of $77.98, withheld from the contract price, which, under the facts in the case and repeated decisions of this court, was wrongfully withheld in making settlement.
Defendant presents a counterclaim for liquidated damages by reason of the failure of plaintiffs to complete the work within the specified time and extensions granted. This claim does not merit discussion. Defendant can not recover for delays caused by its own default, and even if some of the delay was caused by plaintiffs the evidence does not show how much, and the court will not undertake to apportion it. See Standard Steel Car Co. v. United States, 67 C. Cls. 445.
In accordance with the views above expressed, the plaintiffs will be awarded judgment for $77.98.
Williams, Judge\; LittletoN, Judge; Geaham, Judge; and Booth, Chief Justice, concur.