Madden, Judge,
dissenting:
I do not agree with the opinion of the Court. In my discussion I shall use the word “plaintiff” to refer either to the receivers who are here suing as such, or to the contractor who made the contract and did the work. The context will show which is meant.
*107 Plaintiffs’ theory of recovery is stated in their reply brief as follows!
* * * Plaintiffs’ claim is predicated upon a delay of 212 days caused by the Government, resulting primarily from the discovery of faulty foundations which necessitated the drawing of new plans and complete relocation of the Hospital building.
There is no claim that anyone was at fault in failing to discover sooner the faulty foundations, but it is plaintiffs’ position that the delay resulting therefrom, which made the cost of performance greater than had been expected, was a breach of contract on the part of the defendant, entitling plaintiffs to recover the additional cost. Ordinarily, the fact that the performance of one of the parties to a contract is made more difficult or expensive by supervening circumstances does not excuse him from performing. See 6 Williston, Contracts, sec. 1963, p. 5507; Maryland Dredging Co. v. United States, 47 C. Cls. 557. Nor does it entitle him to additional compensation. Day v. United States, 245 U. S. 159.
Plaintiffs’ claim then depends upon whether there is anything in the contract here involved to take it out of the general rule. The question should be, not as the majority opinion states, whether under the terms of the contract “the defendant was relieved of responsibility for or liability to plaintiff for excess costs by reason of delay for which plaintiff was in no way responsible”, but whether under the terms of the contract, the defendant should be held to have assumed responsibility to compensate plaintiff for excess costs due to delay which was no one’s fault.
The defendant did not agree to have the building ready for the contractor who was to install the plumbing, heating and wiring at any fixed time, and from the specifications and contract, plaintiff must have known that its time of performance was dependent upon the progress of the building contractor. The specifications clearly directed its attention to the contract for general construction and advised it that its contract was to be performed in harmony with the other work on the building. Article 1 of the contract provided that the work under it was to be completed “at a date *108 not later than that provided for in the contract for General Construction”, but there was no promise on the part of the defendant as to when that date would be. Plaintiff must have known that the government reserved the power to make changes in the builder’s contract, as well as in its own, and that exercise of that power would necessarily cause delay. Cf. H. E. Crook Co. v. United States, 270 U. S. 4; Gertner, Sr., v. United States, 76 C. Cls. 643.
Article 4 of the contract provided that if the government should discover, or the contractor encounter, unexpected conditions at the site materially differing from those shown in the drawings and specifications, the contracting officer should make the necessary changes in the plans and any necessary changes in the amount of compensation and time for performance. This provision seems to me to have reference duly to the contractor whose work is directly affected by the discovery of the unexpected condition. Nor does plaintiff appear to have understood the provision in any other sense, for no reliance is placed on article 4 in its briefs. If plaintiff had «made its contract under such circumstances that it and the agents of the government expected that the work would be done in the winter, plaintiff and other bidders would have estimated for a high labor cost. If, then, flie building contractor had been delayed due to unforeseen conditions, so that plaintiff’s work was done in the summer, it would have profited accordingly and the defendant could not, under the contract, have denied it that profit. I think this risk of gain or loss is not removed by article 4, except as to the contractor who actually encounters the unforeseen condition.
The statement of the contracting officer to plaintiff that construction would begin in early spring so that the building would be under roof before cold weather set in appears to have been a truthful statement of a reasonable expectation at the time he spoke, but hardly a promise on the part of the government that what he said would be accomplished, regardless of intervening circumstances or events.
The provision in article 9 of the contract that the contractor’s right to proceed to perform the contract and to be paid without the deduction of liquidated damages for delay *109 should not be prejudiced by delays due to “unforeseeable causes beyond the control and without the fault or negligence of the contractor” seems to show that neither party was to be charged with breach of contract merely for delays due to such causes. Plaintiff was, as it should have been, granted an extension of time and excused from liquidated damages. That was all that it was entitled to under its contract.