Sidney KENT, doing business as Dorald Engineering Company, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 211, Docket 29050.

United States Court of Appeals Second Circuit.

Argued Dec. 2, 1964.

Decided March 30, 1965.

I. Ben Greenman, New York City, for plaintiff-appellant.

John R. Horan, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., Robert E. Kushner, Asst. U. S. Atty., Southern District of New York, on the brief), for defendant-appellee.

Before FRIENDLY and SMITH, Circuit Judges, and BLUMENFELD, District Judge.*

BLUMENFELD, District Judge:

Sidney Kent, d/b/a Dorald Engineering Co., moved in the United States District Court for the Southern District of New York for summary judgment on his claim for extra expenses resulting from government-caused delays in his performance of a construction contract for the Government. The District Court held that the contract was not breached by the Government, denied the plaintiff's motion, and granted summary judgment for the defendant. We hold that there were no questions of fact in dispute and that Kent's claims do not establish any breach of the contract, and we affirm the

* Sitting by designation.

**350**

order granting summary judgment to the Government.

The plaintiff contracted with the F. A. A. to construct an approach lighting system and a flasher system on a runway at Kennedy International Airport and to dismantle like systems on each of two other runways. A substantial part of the material to be used in the construction was to come from the systems to be dismantled. The contract required the work to commence within 5 days after notice from the Government and to be completed within 75 days. It further specifically provided that:

"*3.09–1* In order to provide by-directional approach lighting the contractor will be required to carry on work of dismantling in accordance with the following schedule:

"*Phase 1* (beginning with the start of construction). The contractor shall be free to dismantle both Systems on Runway 4L.

"*Phase 2* (beginning 30 days after the start of construction). The Contractor shall be free to dismantle all components of the flasher system on Runway 22R.

"*Phase 3* (beginning with the commissioning of the approach lighting system and the flashers on Runway 22L) The Contractor shall be free to dismantle all components of the Approach Light System on Runway 22R."

Due to a series of government-caused delays, however, the construction was completed 129 days late.

■ After exhausting his administrative remedies under the contract, the appellant sued to recover the expenses caused him by the delays. The theory of his action is that the contract should be read to include a warranty that the Government would make the areas on which his work was to be done available to him so that he could proceed with it on schedule. The contract clearly does not contain any express promise of availability by the Government. But, the appellant presses upon us the argument

that because he was "free" to undertake certain parts of the work subject to the three specified time-phases the contract must be interpreted to contain an implied warranty that the Government would have the various sites available and ready for him at those times. We reject that argument.

Judge Wyatt's reasoned explanation that the whole tenor of the contract negated any implication of a warranty by the Government to make the areas available at any particular time was fully justified. For this view, as set forth in his opinion, 228 F.Supp. 929, he found ample support in H. E. Crook Co. v. United States, 270 U.S. 4, 46 S.Ct. 184, 70 L.Ed. 438 (1926); United States v. Rice, 317 U.S. 61, 63 S.Ct. 120, 87 L.Ed. 53 (1942); United States v. Howard P. Foley Co., 329 U.S. 64, 67 S.Ct. 154, 91 L.Ed. 44 (1946), three leading Supreme Court cases involving government construction contracts. Nor do we otherwise find either in the contract provisions or in the extrinsic facts of this case any sufficient difference from those present in the cited cases of Crook; Rice; and Foley, to justify a different result.

The contract before us contains provisions which preclude damages for delays attributable to the Government matching those relied on by the Supreme Court in Foley and in Rice. An increase in the time required was to be met by an increase in the time allowed to complete the contract. This was in fact done in this case to relieve the contractor from his obligation to pay a penalty for the delay. The Government reserved the right to suspend in whole or part work at any time for its own purposes without incurring liability for damages. And, indeed, insofar as any delay was attributable to the contractor's inability to procure the necessary materials obtainable only from the dismantling of the other runways, this contract specifically provided that "the Government shall not be liable to the contractor for damages or loss of profit by reason of any delay in delivery of or failure to deliver any or all

of the Government-furnished materials" except by way of extension of the completion date. The contract cannot be interpreted to imply an unqualified warranty to make the runways available according to the schedule imposed on the appellant.

 The appellant also advanced the contention that, even in the absence of any warranty of availability, when a government contractor is delayed by negligent conduct chargeable to the Government, the Government is liable for the additional costs sustained by the contractor on account of the delay. Such a theory of action was noted, though not passed upon, by the Supreme Court in the Foley case, but has since been favorably considered by the Court of Claims. E. g., Chalender v. United States, 119 F.Supp. 186, 127 Ct.Cl. 557 (1954).[1] Its rule, as enunciated in Ben C. Gerwick, Inc. v. United States, 285 F.2d 432, 436, 152 Ct. Cl. 69 (1961), cited to us by the appellant, is that "unless the Government expressly covenants to make the site available at a particular time, plaintiff has the burden of proving that the United States was in some way at fault because the site did not become available to it at an earlier date. United States v. Howard P. Foley Co., 329 U.S. 64, [67 S.Ct. 154, 91 L.Ed. 44]."

Judge Wyatt did not interpret restrictively the allegation in the complaint that the delay was caused "solely by reason of the fault and unreasonable conduct * * * of the defendant * * *," cf. United States v. Farr & Co., 342 F.2d 383 (2d Cir. 1965), nor construe narrowly the legal theory advanced by the appellant. And although the parties were in agreement that the question below was one of law, see Kayfield Constr. Corp. v. United States, 278 F.2d 217 (2d Cir.

1. No attempt is made to catalogue the many Court of Claims cases where such an implication has been drawn, e. g., Laburnum Constr. Corp. v. United States, Ct.Cl., 325 F.2d 451 (1963); Chalender v. United States, supra; Kehm Corp. v. United States, 93 F.Supp. 620, 119 Ct. Cl. 454 (1950); George A. Fuller Co.

1960), no limitation was imposed upon the appellant's opportunity to file or otherwise offer to present evidence that the Government was in any way "at fault" for the delays.

Whatever theories to support a recovery the appellant's allegations may have presented, he failed to show that there was any genuine issue as to any material fact. Proof merely that there were delays in making the site available to him, or even that the Government was the cause of those delays was not enough. He did not offer to prove more.

A judgment dismissing the action was properly entered, and we affirm.

v. United States, 69 F.Supp. 409, 108 Ct. Cl. 70, (1947), nor do we find it necessary to decide whether we would adopt the same view. Cf. United States v. Croft-Mullins Elec. Co., 333 F.2d 772 (5th Cir. 1964), cert. denied, 379 U.S. 968, 85 S.Ct. 664, 13 L.Ed.2d 561 (1965).