**CHICORA CONSTRUCTION COMPANY, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 470.**

United States District Court
E. D. North Carolina,
Elizabeth City Division.
July 10, 1965.

E. K. Powe, Oliver W. Alphin, of Powe & Porter, Durham, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., Raleigh, N. C., for defendant.

LARKINS, District Judge:

### STATEMENT OF THE CASE

This cause comes before the Court as a civil action arising out of a construction contract by plaintiff with the United States Navy, Contract No. NBy–16466/57, for the construction of a sewage treatment plant at the Naval Seaplane Facility, Harvey Point, North Carolina. This contract was entered into on May 29, 1958.

The contract provided that it was to be completed within 310 calendar days after the plaintiff was notified to proceed, or after the completion of the necessary roadways to the site by the defendant. An addendum to the contract stated that the completion of the roadway was expected within ninety days.

General Clause 1.6, which is found on page thirty-three of the contract reads:

"1.6 TIME FOR COMPLETION. The entire work shall be completed within 310 calendar days after date of receipt of a notice of award or any other communication authorizing the contractor to proceed."

Addendum No. 3, found on page nineteen of the contract, amends General Clause 1.6, and when it is read added to General Clause 1.6, it reads as follows:

"1.6 TIME FOR COMPLETION. The entire work shall be completed within 310 calendar days after date of receipt of a notice of award or any other communication authorizing the contractor to proceed, or after completion by the Government of roadways necessary for access to the site, whichever occurs later. Completion of these roadways is expected within approximately 90 days after award hereunder."

Ninety days after the awarding of the contract would make the anticipated roadway completion date fall in the last week of August 1958. It was actually some ninety days after that, however, before plaintiff received notice of completion, on December 6, 1958.

Plaintiff has further stated that it could not actually use the roadways upon the receipt of such notice on December 6, 1958, and that it was actually April 21, 1959 before the roadway was usable for plaintiff's purposes. Plaintiff alleges

that these prolonged delays were not contemplated by the parties at the time the contract was entered into, and they resulted in substantial losses.

Plaintiff asserts its claim upon the theory that defendant has breached.the contract with it. Defendant denies the alleged breach and has moved for Summary Judgment, basing the motion upon the following questions: (1) Was there an unqualified warranty in the contract that the work site would be available to plaintiff on any specified date?; and, (2) If no such unqualified warranty was given, is defendant liable in damages for the delay?

### CONCLUSIONS OF LAW

■ Unless federal statutes appear to the contrary, the contractual rights of the United States are controlled by the same laws that control individuals and it has no greater contract rights than a private individual would have under the same circumstances. See G. L. Christian & Associates v. United States, 312 F.2d 418, 160 Ct.Cl. 1, (1963); and Vol. 91 C.J.S. United States § 90. There is no claim of special statutes advanced.

■ It is further recognized that the contractor is entitled to extra costs or expenses caused him by unauthorized or improper delays which are caused by the Government. Vol. 91 C.J.S. United States § 94.

The question now arises, using the above guidelines; should the Court inquire into the factual development of the case further in order to render judgment, or can it now summarily determine the issues upon the basis of the pleadings, evidence and briefs presently before it? The Court cannot render judgment at this stage of the proceedings.

Upon examining the cases advanced by the defendant in support of its motion, the Court summarizes them as follows:

H. E. Crook Co., Inc. v. United States, 270 U.S. 4, 46 S.Ct. 184, 70 L.Ed. 438 (1926). The contractor in this case was denied relief for delays which caused him damages, but these delays were the results of the actions of other predecessor contractors. They were not attributable to negligence or fault of the United States.

United States v. Rice, 317 U.S. 61, 63 S.Ct. 120, 87 L.Ed. 53 (1942). Plaintiff in this case was a sub-contractor and the times work was available to him was directly related to the progress the principal contractor made on the job. He was delayed in completing the work at the date he had contemplated, these delays being caused by the United States in holding up the work of the principal contractor. But the United States had specifically contracted with the principal contractor for this right of delay. The United States was not liable even though it was the party who also contracted with the plaintiff.

United States v. Howard P. Foley Co., Inc., 329 U.S. 64, 67 S.Ct. 154, 91 L.Ed. 44 (1964). This is a single contractor case, and although the Court specifically stated that merely because it was a single contractor case, it was not to be distinguished from the above cases thereby denying the United States liable. The Court also specifically noted that defendant was found free from fault or negligence in causing plaintiff's delay.

Kent v. United States, 343 F.2d 349, 1964 (2nd Cir., March 30, 1965). Summary judgment for the United States was granted in the District Court upon plaintiff's suit for damages occasioned by Government caused delays (see 228 F.Supp. 929 (S.D.N.Y.1964)). But, the Court noted that plaintiff could have presented evidence on the question of governmental fault for the delays. In fact, however, the parties agreed that the question before the District Court was one of law relating to governmental liability.

■ The rule that is disclosed by these cases is: If the United States is the party which causes the delay, and if this cause is due to unauthorized or negligent conduct of the United States, it should be liable to a contractor who incurs an expense as a result. If, however, the delay is occasioned by another contractor, or

the delay is authorized or unavoidable even though occurring without the intervention of another contractor, the United States will not be liable on a contract such as this in question. See Silas Mason Co. v. United States, 116 Ct.Cl. 1 (1950).

Certainly, the United States cannot claim immunity from suit if it does some act which prevents performance, or delays performance, by the other party and to its injury. It is recognized that all contracts have certain implied provisions to the effect that one party cannot interfere, hinder or delay the performance by the other. T. C. Bateson Const. Co. v. United States, 319 F.2d 135 (Ct.Cl.1963).

As held in Laburnum Const. Corp. v. United States, 325 F.2d 451 (Ct.Cl. 1963), the contractor cannot complain if reserved rights of the Government are exercised, thereby upsetting the contractor's work schedule, at least if the Government acts with "due alacrity." But, it is not free to ignore reasonable standards of duty imposed upon it as a contracting party. The Government is held to the same general principles of equity and fair play as are contractors who deal with one another. McQuagge v. United States, 197 F.Supp. 460 (W.D.La.1961); Kemp v. United States, 38 F.Supp. 568 (D.C. Md.1941); and Vol. 91 C.J.S. United States § 91.

It appears then that there remains a question to be answered, and the answer to it is in the exclusive control of the defendant: What were the causes of the delays about which plaintiff complains? The defendant has not indicated the causes and they must be known before a final determination can be made. Litchfield Manufacturing Corp. v. United States, 338 F.2d 94, 167 Ct.Cl. 604 (1964); Commerce International Co., Inc. v. United States, 338 F.2d 81, 167 Ct.Cl. 529 (1964); Kent v. United States, 228 F.Supp. 929 (S.D.N.Y.1964), supra; Sloane v. United States, 196 F.Supp. 643 (E.D.S.C.1961); and Peter Kiewit Sons' Co. v. United States, 151 F.Supp. 726, 138 Ct.Cl. 668 (1957).

## ORDER

Therefore, it is ordered that defendant's motion for summary judgment be, and the same is hereby denied.

This the 10th day of July, 1965.