**AMERICAN PETROFINA, INCORPO-
RATED and American Petrofina
Company of Texas, Plaintiffs,**

**v.**

**Joe L. BROWN and Brown Oil Company
of Rocky Mount, Inc., Defendants.**

**Civ. No. 1329.**

United States District Court,
E. D. North Carolina,
Wilson Division.

Sept. 12, 1974.

Thomas L. Young, Battle, Winslow, Scott & Wiley, Rocky Mount, N. C., Rynn Berry, Lars I. Kulleseid, Fish & Neave, New York City, for plaintiffs.

John G. Mills, III, Mills & Coats, Raleigh, N. C., John B. Exum, Jr., Dill, Exum, Fountain & Hoyle, Rocky Mount, N. C., for defendants.

## MEMORANDUM OF DECISION

DUPREE, District Judge.

Plaintiffs bring this action for violation of the Lanham Trademark Act of 1946 (15 U.S.C. §§ 1114(1), 1116–1118, 1125(a), 1126), for common law trademark and trade name infringements, and for unfair competition, laying jurisdiction under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121, 28 U.S.C. § 1338(b), 15 U.S.C. § 1125(a), 15 U.S.C. § 1126, and 28 U.S.C. § 1332(a). Plaintiffs are Delaware corporations with their principal places of business in Texas. They are owned by Belgian Petrofina, a Belgian corporation, and Canadian Petrofina, a Canadian corporation. The Petrofina companies have had a large international operation for some time in which they have made use of the Petrofina trade name and the FINA trademark.

Plaintiffs' parent corporations were engaged in international trade wherein the trade name "Petrofina" and the trademark "FINA" were used prior to 1954. Also prior to 1954, one of the plaintiffs' parent corporations, Canadian Petrofina, registered the trademark "FINA" in Canada. The Canadian registration was used as a basis for an application for registration in the United States in 1954. The Canadian registration permitted application without prior use in commerce within the United States. In January of 1956 the registration issued. In July of 1956, defendant Brown, having learned of Petrofina's trademark and expansion plans, registered "FINA" with the North Carolina Department of Agriculture. In August, 1956, defendant Brown's employer began using the trademark in the Rocky Mount area. In October of 1956, plaintiffs began using the "FINA" trademark in commerce in the United States. Subsequently five additional registrations were obtained by plaintiffs.

In a three-count complaint plaintiffs have alleged violations of their rights under the trademark laws and the common law and unfair competition under statutory and common law. Plaintiffs seek preliminary and permanent injunctions, recovery of profits, treble damages and costs. To this complaint the defendants by answer have filed a general denial and affirmative defenses based on allegations first that they used and adopted the FINA trademark prior to its use by plaintiffs in the United States thus obtaining superior common law rights in the applicable trade area and, secondly, of laches based on the open, continuous and obvious use of the trademark by defendants for a period of seventeen years without protest on the part of plaintiffs. Defendants have also alleged a counterclaim in which an injunction against plaintiffs' use of the trademark is sought.

The case is presently before the court on defendants' motion for summary judgment and has been heard upon the pleadings, affidavits, briefs and argument of counsel on the basis of which the court finds itself in agreement with defendants that there is no genuine issue as to any material fact. However, it appears that plaintiffs, rather than defendants, are entitled to judgment as a matter of law, and plaintiffs having taken this position on oral argument, the court treats the same as an oral cross-motion for summary judgment which is to be allowed. *See* Kent v. United States, 228 F.Supp. 929 (S.D.N.Y.1964), aff'd, 343 F.2d 349 (2nd Cir. 1965), and cases cited.

In support of their position defendants have cited and strongly relied on John Lecroy & Son, Inc. v. Langis Foods Ltd., 376 F.Supp. 962, decided May 29, 1974, by Chief Judge Hart of the District Court of the District of Columbia. This case has been carefully considered by the court but has been found distinguishable on its facts from the case at bar. To the extent that it may not be distinguishable, this court has found it difficult to reconcile Judge Hart's ruling with the provisions of 15 U.S.C. § 1126(d) and must therefore respectfully decline to follow the same.

In summary, this court is of opinion that the rights of the plaintiffs obtained under their "convention registration" of the trademark FINA issued pursuant to the International Convention for the Protection of Industrial Property and 15 U.S.C. § 1126 are entitled to protection against the use of this mark by defendants notwithstanding defendants may have started using the registered mark after the registration had issued but before plaintiffs had used the mark in United States commerce. The remaining claims of the defendants raised in their pleadings are found to be without merit.

Upon the oral argument of the summary judgment motions plaintiffs abandoned any claim for damages leaving for decision only the question of plaintiffs' entitlement to injunctive relief. Having decided this issue in favor of plaintiffs, counsel may submit judgment in conformity with this ruling.