**M.A. MORTENSON COMPANY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–1491.

United States Court of Appeals, Federal Circuit.

April 4, 1988.

Stephen S. Kaye, Jones, Day, Reavis & Pogue, Washington, D.C., argued for appellant. With him on the brief were James E. Thompson and Joseph D. West. Also on the brief was Steven T. Halverson, of Minneapolis, Minn., of counsel.

Frank B. Flink, Jr., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief was D. Lee Toedter, U.S. Army Corps of Engineers, of counsel.

Before MARKEY, Chief Judge, and DAVIS and BISSELL, Circuit Judges.

MARKEY, Chief Judge.

Appeal from a decision of the Corps of Engineers Board of Contract Appeals (board), *M.A. Mortenson Co.*, ENG BCA No. 4780, 87–2 BCA ¶ 19,718 (1987), denying M.A. Mortenson Company's (Mortenson's) appeal from the Contracting Officer's final decision denying compensation for added costs that allegedly resulted from delay in awarding a construction contract. We affirm.

## BACKGROUND

In May 1981 the United States Army Corps of Engineers (Corps) issued an invitation for bids (IFB) for construction to rehabilitate Lock and Dam No. 1 on the Mississippi River in Minneapolis, Minnesota. The IFB stated that the construction was to be performed in accordance with a schedule set out in the contract documents. As amended on June 8, 1981, the IFB and contract documents provided:

> The foregoing complete dates [of the construction schedule] are based on the assumption that the successful bidder will receive the notice to proceed by 9 July 1981. The Government will extend those

completion dates by the number of calendar days after the above date that the Contractor receives the notice to proceed....

The Corps opened the bids on June 18, 1981. Paragon Energy Corporation (Paragon) was the low bidder at $3,117,000. Mortenson was the second low bidder at $3,568,000. Paragon claimed a mistake in its bid and requested reformation. While the Corps was considering Paragon's claim, it twice asked all bidders to extend their bid acceptance period. DAR 2–404.1(d). Although expressing concern to the Corps that a delay in award would necessitate winter construction work, with added costs, Mortenson unconditionally extended its bid through August 28, 1981. The Corps permitted Paragon to withdraw its bid on August 27, 1981, and awarded the contract to Mortenson the following day.

Mortenson had based its bid on the dates set out in the IFB construction schedule, which called for outdoor construction work during non-winter months. During September 1981, Mortenson requested additional time and compensation for the contract because the delayed award would require it to perform construction work outdoors in Minnesota winter weather.

On September 24, 1981, Mortenson received the notice to proceed, 77 days after the July 9 date referred to in the IFB and the contract. On October 7, 1981, pursuant to the day-for-day extension clause quoted above, the Corps issued a contract modification extending the dates in the construction schedule by 77 days. Mortenson rejected the modification.

Mortenson began work in the late fall of 1981 and completed the contract the following year.

On November 2, 1981, following exchanges with the Corps, Mortenson submitted a claim requesting additional time and $628,000 (later revised to $1,400,000) in additional compensation. In a March 19, 1982 final decision, the Contracting Officer denied Mortenson's claim.

On June 1, 1982, Mortenson appealed to the board. In September, 1984, the board conducted a hearing on liability. On March 31, 1987, the board denied Mortenson's appeal.

The board held, *inter alia,* that the day-for-day clause provided Mortenson's only remedy under the contract because the suspension of work and changes clauses did not provide relief for events occurring before the contract was awarded. 87–2 BCA at 99,847. The board said it was "appropriate" under the circumstances "to apply the rule that the unconditional extension of a bid waives claims arising out of the extension." *Id.* at 99,848. Mortenson had chosen to extend its bid based on its asserted view that the contract provided for recovery of its increased costs, and that view had turned out to be wrong. *Id.* In a concurring opinion, one board member said Mortenson had made a "business judgment" in extending its bid, taking the risk that it would not fare as well on the contract as it hoped when it made that judgment. *Id.* at 99,848–49.

## ISSUE

Whether the board erred in concluding that the only relief available to Mortenson under the contract was an extension of time under the day-to-day extension clause.

## OPINION

### I. *Standard of Review*

In appeals from board decisions under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1982 & Supp. III 1985), this court's scope of review is limited. The board's findings of fact may be set aside only under the conditions enumerated in 41 U.S.C. § 609(b). *Erickson Air Crane Co. of Washington v. United States,* 731 F.2d 810, 814 (Fed.Cir.1984). The board's decisions on questions of law are freely reviewable. *Id.;* 41 U.S.C. § 609(b).

Mortenson says it is not asking this court to overturn any of the board's findings of fact. Mortenson argues that the board committed legal error in holding that Mortenson was not entitled to relief under the contract's Changes clause.

## II. *Changes Clause*

The contract contained a Standard Form 23A Changes clause (DAR 7–602.3), providing, in part:

(a) The Contracting Officer may ... make any change in the work within the general scope of the contract....

\* \* \* \* \* \*

(d) If any change under this clause causes an increase or decrease in the Contractor's cost of, or the time required for, the performance of any part of the work under this contract, whether or not changed by any order, an equitable adjustment shall be made and the contract modified....

Mortenson says "[t]he contract provided that a notice to proceed would be issued on July 9, 1981," and that the Corps' 77–day delay is a constructive change of that provision entitling Mortenson to an equitable adjustment under the Changes clause.

Mortenson cannot prevail unless it shows its interpretation of the contract is reasonable. *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F.2d 913, 917 (Fed.Cir. 1984). We conclude that it is not.

Mortenson's difficulty is that the contract does not say what Mortenson says it says. The contract did not provide that a notice to proceed would be issued on July 9, 1981; as quoted above, the contract set out a schedule of dates "based on the *assumption* that the successful bidder will receive the notice to proceed by 9 July 1981." (Emphasis added.) An assumption is not a promise. The quoted language did not bind the government to deliver a notice to proceed by any particular date; it merely furnished 9 July 1981 as an assumed reference point from which the contract schedule might be measured. If Mortenson, as it says, "continued to rely on the date provided" when it extended its bid to August 28, 1981, that reliance was not justified. *See Kent v. United States*, 228 F.Supp. 929, 931, 933 (S.D.N.Y.1964) ("Estimated Effective date of Notice to Proceed: November 2, 1959" in contract not a promise to give notice to proceed by any particular time), *aff'd*, 343 F.2d 349 (2d Cir.1965); *Brotherhood Timber Co.*, AGBCA No. 83–

153–1, 85–1 BCA ¶ 17,801 (1984), at 88,959 ("Since the estimated start work date is just that, an estimate, it is not a representation upon which a bidder can rely.").

Moreover, the day-for-day extension provision in the very next sentence of the IFB and the contract contemplated that the notice to proceed might not be delivered by July 9, 1981, and that, if it were not, "the Government will extend those completion dates by the number of calendar days after the above date that the contractor receives the notice to proceed." As the board found, the government did just that. Mortenson's receipt of the notice to proceed on September 24, 1981 did not, therefore, constitute a change in the contract. *See Dynamic Int'l, Inc.*, ASBCA No. 17910, 73–2 BCA ¶ 10,175 (1973), at 47,902 (delay in award not a change where contract provided performance "would begin 1 July 1971 'or date of award if later,'" and performance began substantially on date of award).

Because there was no "change" in the contract for which the Changes clause would afford a remedy, the board did not err in declining to award Mortenson the relief it sought.

AFFIRMED.